HENRY BOHLEN, Appellant, v. THE METROPOLITAN ELEVATED RAILWAY COMPANY et al., Respondents.

Where an apparent ambiguity is discovered in the findings of a trial court, which is plainly the result of some inadvertence or omission on its part, and a mere mistake, it is subject to correction and amendment by said court (Code Civ. Pro. § 723); its power in this respect is not limited to the term at which the judgment was rendered.

In an action to restrain the defendant from operating its elevated railroad in certain streets in the city of New York in front of plaintiff's premises, the trial court decided in plaintiff's favor. In its findings of fact after reciting the facts as to the opening of the streets, the court stated as to each that it "thenceforth continuously has been and now is kept open and appropriated for a public avenue or street * * * in like manner as other public streets and avenues in said city are, and of right ought to be." Following these were findings of fact as to the construction, maintenance and operation of defendants' road, showing it to be an obstruction, appropriation and use of the streets not consistent with ordinary street uses. After entry of judgment and pending, an appeal

to the General Term on motion of plaintiff, the trial judge amended the findings as to the streets being kept open by adding the words "except as hereafter found." *Held*, no error; that there was no irreconcilable conflict between the findings; and that the court had power to make the amendment.

(Argued June 2, 1890; decided June 17, 1890.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made the first Monday of February, 1890, which reversed an order of Special Term granting a motion to amend the findings of fact herein.

The nature of the action and the material facts are stated in the opinion.

*Charles Gibson Bennett* for appellant. Upon the construction of all the findings in the case, no inconsistency between them exists, and so the order related to matter of mere form and was harmless. (*Green* v. *Roworth*, 113 N. Y. 462–467; *Hill* v. *Grant*, 46 id. 496; *Waugh* v. *S. Bank*, 115 id. 42; *Bd. Health* v. *Purden*, 99 id. 237; *Redfield* v. *Redfield*, 110 id. 671; *Albert* v. *Sweet*, 116 id. 363; *Bennett* v. *Bates*, 94 id. 354.) The court had power to make the order, even assuming that it amended the finding in a material respect. (*Mitchell* v. *Van Buren*, 27 N. Y. 300; *Murray* v. *Blatchford*, 2 Wend. 221; Code Civ. Pro. § 723; *Palmer* v. *Lawrence*, 5 N. Y. 455; *Buckingham* v. *Dickinson*, 54 id. 682; 80 id. 181; 97 id. 645; *Dalrymple* v. *Williams*, 63 id. 361; *N. Y. Ins. Co.* v. *N. W. Ins. Co.*, 23 id. 357; *Coffin* v. *Lessler*, 36 Hun, 347; *McLean* v. *Stewart*, 14 id. 472; *Rockwell* v. *Carpenter*, 25 id. 529; *Hatch* v. *C. N. Bank*, 78 N. Y. 487; Code Civ. Pro. § 1202; *Hogan* v. *Hoyt*, 37 N. Y. 300; 78 id. 487; 36 Hun, 347.)

*Brainard Tolles* for respondents. The General Term was clearly right in holding that judicial errors cannot be corrected after final judgment upon a motion made at a term other than at which the judgment was rendered. (*Bank of U. S.* v. *Moss*, 6 How. [U. S.] 38; *Doss* v. *Tyack*, 14 id. 297; *Taylor* v.

*Lusk*, 9 Ia. 444; *Jansen* v. *Grimshaw*, 125 Ill. 468; *Burch* v. *Newbury*, 10 N. Y. 374, 393; Cooley on Const. Lim. 94; *Currie* v. *Henry*, 3 Johns. 140; *Killpatrick* v. *Rose*, 9 id. 78; · *Jackson* v. *Ashton*, 10 Pet. 480; *Kelty* v. *High*, 29 W. Va. 381; *Morris* v. *Peyton*, 29 id. 201; *Pormann* v. *Frede*, 72 Wis. 226; *Sampson* v. *Sampson*, 16 Atl. Rep. 711; *Parker* v. *Logan*, 72 Va. 376; *Rottmann* v. *Schmucker*, 7 S. W. Rep. 117; *The Madgie*, 31 Fed. Rep. 926; *Baptist* v. *F. T. Co.*, 29 id. 180; *Bronson* v. *Schulten*, 104 U. S. 410; *Schell* v. *Dodge*, 107 id. 629; *Phillips* v. *Negley*, 117 id. 674; *U. S.* v. *Pile*, 130 id. 280; Foster's Fed. Prac. § 379; Co. Litt. 260*a*; Freeman on Judgments, §§ 70, 101; *Rockwell* v. *Carpenter*, 25 Hun, 529; *McLean* v. *Stewart*, 14 id. 472; *Adams* v. *Ash*, 46 id. 105; *Genet* v. *D. & H. C. Co.*, 113 N. Y. 472; 24 J. & S. 290; *Gardiner* v. *Schwab*, 34 Hun, 582; *Hoyt* v. *Carter*, 7 How. Pr. 140; *Clark* v. *Hall*, 7 Paige, 382; *Ray* v. *Connor*, 3 Edw. Ch. 504; *Hotaling* v. *Marsh*, 14 Abb. 161; *Lillie* v. *Sherman*, 39 How. 288; *Stevens* v. *Vertane*, 2 Lans. 90; *Hubbard* v. *Copcutt*, 9 Abb. [N. S.] 289; Code Civ. Pro. § 1010.)

Gray, J.    The General Term below have reversed the order, which amended certain findings of fact made by the trial judge upon his decision of the case; and the reversal is placed upon the ground that the court was without power to make the order.    The reasons assigned are that the error was judicial and could not be corrected at a term other than that at which the judgment was rendered.    This was error, and it must have resulted from a misapprehension of the powers, which are specially conferred by the statute upon, as well as being inherent in the court.    The action was in equity to restrain the defendants from maintaining and operating their railroad in front of the plaintiff's property and to recover the damages sustained.    The trial judge decided in the plaintiff's favor, and in formulating his decisions in findings of fact and in legal conclusions deducible therefrom, he stated certain facts with respect to the opening and maintenance

of Second avenue and Sixty-fifth street by the public authorities. After reciting the acts of legislature, under authority of which they were opened, the judge stated, as to each, that it "thenceforth continuously has been and now is appropriated and kept open for a public avenue (or street), highway, or thoroughfare in the city of New York, in like manner as the other public streets and avenues in the said city are and of right ought to be." Subsequently, he found facts as to the construction, maintenance and operation of the road, showing it to be an obstruction and appropriation of and an interference with the plaintiff's rights, and that they did not constitute a use of the street and avenue consistent with the ordinary street uses thereof; and his legal conclusion was that the plaintiff was entitled to judgment, in consequence of the defendants' acts. While the action was pending, upon the defendants' appeal to the General Term, and some months later, the plaintiff and respondent moved the trial judge to amend the findings relative to the opening and maintenance of the avenue and street, so as to insert, where they stated that the avenue and street were kept open and appropriated as the other public streets are and of right ought to be, the words "except as hereinafter found." The court so ordered, in order, as it is stated, that the findings might conform to the decision of the trial judge. It is said by counsel that this step was taken, because of a decision rendered by the General Term in another cause, wherein, with similar findings, it had been held that, as they were in irreconcilable conflict with the conclusions of law, upon the principle that the appellant upon his exceptions is entitled to the benefit of the finding which is more favorable, the judgment must be reversed. There is no question as to the truth of the legal proposition, stated generally, but the principle has certainly been misapplied here. The trial judge's consideration of the case having resulted in his deciding that the plaintiff should obtain the relief sought for by the action, he was obliged by the Code of Procedure to formulate his decision in the separate statements of facts, which induced his

conclusion. It is quite obvious that these statements of facts are intended to be consistent with each other, in support of the conclusions, and if, apparently, they are not so, the court must consider whether the difference is an actual one, for if it can be seen that it is immaterial, or the result of inadvertence, or omission, it should be disregarded. The effort must always be in the direction of supporting the conclusion, by giving to the findings a fair and reasonable construction. Now here there is no irreconcilable conflict in the findings, and we are not embarrassed in our consideration by the circumstance that the apparent conflict is between the formal decision of the court and some other findings made upon the request of the appellant and contained in the appeal book. The difference between the findings referred to, as to the opening and maintenance of these public streets, and as to their conversion to inconsistent uses, seems to me quite an immaterial one, in the disposition of the cause. The intent of the trial judge was to find in accordance with the theory of the action, that there was an opening of the streets under legislative authority and that when opened they have remained public streets, or highways, and that there has been an appropriation of the public streets and an interference with the benefits afforded by their maintenance as such, to the property owners. An apparent ambiguity is discovered in his findings, which is, plainly, the result of some inadvertence on his part, and which our reason tells us is a mere mistake; one which is subject to correction at any time by the court and is within the spirit and meaning of section 723 of the Code. The intention in the enactment of that section was that the courts should, in furtherance of justice, disregard immaterial errors, defects and mistakes in the pleadings and proceedings of an action, and the only limitation imposed as to the making of corrections is that they shall not affect the substantial rights of the adverse party. I am not aware that the courts have ever been denied the inherent power to correct their records, where the correction relates to mistakes, or errors, which may be termed clerical in their nature, or where

it is made in order to conform the record to the truth. They should not, after the final judgment, by amendment, change a ruling upon the law, or alter the decision upon the merits, for, by so doing, the substantial rights of the adverse party would be really affected. But, where the amendment is in the line of the correction of a mistake, or of an omission, obviously due, as in this case, to the trial judge's oversight, the power to make it is a general and incidental one. The question is not one of terms, or of sessions of the court. The question for the court, when it is moved to reform or correct its records, in such a case, is one of discretion, turning upon the facts to which its attention is called. It has the undoubted power and its exercise only awaits the making out of the proper case. The authorities are abundant in support of these views, but the following are sufficient to be referred to: *N. Y. Ins. Co.* v. *N. W. Co.* (23 N. Y. 357); *Buckingham* v. *Dickinson* (54 id. 682); *Dalrymple* v. *Williams* (63 id. 361).

The order of the General Term should be reversed and that of the Special Term affirmed, with costs in both courts.

All concur.

Order reversed.