GEORGE H. HEATH, Respondent, *v.* THE NEW YORK BUILDING LOAN BANKING COMPANY, Appellant.

*Power of the court to correct its records — order reducing the amount allowed as a counterclaim.*

The Supreme Court has power to correct its records, but where the answer in an action sets up a counterclaim in a certain amount and prays for a sale of the land described in the complaint to satisfy this claim, and the judgment and findings allow the claim, the court has not the power, upon a motion made by the plaintiff, to correct the judgment and findings by reducing such claim — where the difference does not arise from clerical mistake, but from a substantial difference in the rulings of the court between the original and the amended findings as to the legal rights of the defendant, and where the amendment is not made in order to conform the record to the actual decision of the court.

If the original award to the defendant was erroneous the error must be corrected either by appeal or by the granting of a new trial.

APPEAL by the defendant, The New York Building Loan Banking Company, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 28th day of August, 1894, modifying the

judgment rendered in the action and entered in said clerk's office on the 8th day of June, 1894, and the decision of the court upon which said judgment was based, filed in said clerk's office on the 31st day of May, 1894.

*William H. Hamilton*, for the appellant.

*A. T. Perry*, for the respondent.

CULLEN, J.:

This is an appeal from an order of the Special Term resettling the findings in an action tried before the court without a jury and modifying the judgment granted therein.

The action was brought to set aside a mortgage and to rescind a deed and agreement upon plaintiff paying to the defendant the amount of its advances. It resulted in a judgment which purported to dismiss the complaint on its merits, and at the same time allowed the plaintiff to redeem within a given period on payment of a specified sum, and on his failure to redeem it decreed a sale for the payment of defendant's lien. The decree adjudged that there was due and owing to the defendant, and secured as a lien on the land in question the sum of $8,014.60. Of this amount $3,800 was the premium bid by the plaintiff to secure the loan. In this judgment the defendant acquiesced. Two months after it was rendered the plaintiff, on an affidavit that there was no consideration for this item of $3,800, and that it was either imaginary and void or usurious, applied to the court to strike the allowance of the item from the findings and to reduce the amount fixed by the judgment accordingly. The order appealed from granted the application to the extent that it reduced the amount allowed for the premium from $3,800 to $211.12.

We think the order of the Special Term erroneous. The power of this court to correct its records is unquestionable. (*Bohlen* v. *Metropolitan El. R. R. Co.*, 121 N. Y. 546.) The case cited, while it affirms the existence of this power in its broadest extent, also enunciates the principles upon which the power should be exercised. " I am not aware that the courts have ever been denied the inherent power to correct their records, where the correction relates to mistakes or errors which may be termed clerical in their nature, or where it

is made in order to conform the record to the truth. They should not, after the final judgment, by amendment change a ruling upon the law, or alter the decision upon the merits, for, by so doing, the substantial rights of the adverse party would be really affected. But where the amendment is in the line of the correction of a mistake, or of an omission, obviously due, as in this case, to the trial judge's oversight, the power to make it is a general and incidental one."

In the present case the amendment corrected no clerical error nor mistake of computation, but it changed the substantial rights of the parties. The defendant in its answer set up a counterclaim alleging that this sum of $3,800, with others, was due to it, and prayed for a sale of the land to satisfy its claim. The judgment and findings allowed this claim to the defendant. By the amendment the claim is disallowed except to the extent of $211.12. This does not arise from arithmetical mistake, but from a substantial difference in the rulings of the court between the original and amended findings as to the legal rights of the defendant. Nor is the amendment made to conform the record to the actual decision of the court. The plaintiff, in his affidavit, does not claim that the judgment and findings do not accord with the decision made. His allegation concerning this disputed item is not that the court did not allow it, but that the court should not have allowed it. It may very well be that the original award to defendant was erroneous, and the present award is correct, but the error is to be corrected either by appeal, or by the granting of a new trial. It may be also that the plaintiff presented such a case of surprise or neglect upon the part of his attorney as to justify granting him a new trial. If a proper case is made he may still obtain that relief, but the judgment should not have been changed except after a new trial, upon which the defendant would have had opportunity to produce additional evidence and justify its claim.

The order appealed from should be reversed, and the motion denied, with ten dollars costs and disbursements.

PRATT and DYKMAN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.