(12 Misc. Rep. 351.)

## BOYD v. CAMPBELL et al.

(Superior Court of New York City, General Term. May 6, 1895.)

RECORDS—CORRECTING AFTER ADJOURNMENT OF TERM.

> The trial court has power, after the adjournment of the term, to strike out findings on the ground that they were immaterial, and to prevent abuse thereof in other litigations.

Appeal from special term.

Action by Robert Boyd against Malcolm Campbell and others. From an order amending the decision and judgment theretofore rendered by the judge, defendants appeal. Affirmed.

Argued before SEDGWICK, C. J., and McADAM and BEEKMAN, JJ.

B. W. S. Johnston, for appellants.
Henry Daily, Jr., for respondent.

McADAM, J. After the trial of the action the trial judge signed 72 findings of fact, on which he based the conclusion that the complaint of the plaintiff should be dismissed on the merits, with costs. Thereafter the plaintiff moved before the trial judge to strike out the fourteenth and seventeenth findings of fact, on the ground that the same were immaterial to the judgment, and were being used to the prejudice of the plaintiff in another litigation. The motion was granted, and the appeal is from the order making said direction. The rule undoubtedly is that after the term has expired, and the time to appeal from the judgment has gone by, the court is without power to modify its decision or judgment; and it is also true that no judge but the one who tried the cause can at special term change the findings or decision, the appropriate remedy being by appeal. But in this instance the change was made by direction of the judge who tried the cause, and upon the ground of the immateriality of the findings, and to prevent abuse thereof in other litigations. The plaintiff having applied for the change, and the defendants being in no manner injured thereby, either by the imperilment of their judgment or otherwise, we think the court had power to make the order. Heath v. Association, 84 Hun, 302, 32 N. Y. Supp. 454. It is a known fact that findings are, as a rule, drawn by the attorney for the prevailing party, and, if apparently correct, are signed as of course by the trial judge. They are almost immediately thereafter put into the judgment roll, and, if the power to correct any error or mistake therein does not remain in the trial judge, irreparable damage might be done. The sole question involved is one of power, for,

if any discretion existed, it was certainly not abused; and we think the control which the court has over its records and proceedings furnishes plenary power to prevent injustice, and to correct all errors and mistakes, even after the adjournment of the term. Code, § 723; Bohlen v. Railroad Co., 121 N. Y. 546, 24 N. E. 932. For these reasons the order appealed from must be affirmed, with costs. All concur.