McAdam, J.
After the trial of the action the trial judge ■signed seventy-two findings of fact, on which he based the conclusion that the complaint of the plaintiff should be dismissed on the merits, with costs. Thereafter the plaintiff moved before the trial judge to strike out the fourteenth and seventeenth findings of fact, on the ground that the same were immaterial to the judgment and were being used to the prejudice of the plaintiff in another litigation. The motion was granted; and the appeal is from the order making said direction.
The rule undoubtedly is, that after the term has expired and *792 the time to appeal from the judgment has gone by, the court is without power to modify its decision or judgment. And it is also true that no judge but the one who tried the cause can at special term change the findings or decision ; the appropriate remedy being by appeal. But in this instance the change was made by direction of the judge who tried the cause, and upon the ground of the immateriality of the findings, and to prevent abuse .thereof in other litigations. The plaintiff having applied for the change, and the defendants being in no manner injured thereby, either by the imperilment of their judgment or otherwise, we think the court had power to make the order. Heath v. N. Y. B. L. B. Co., 84 Hun, 302 ; 65 St. Rep.
It is a known fact that findings are, as a rule, drawn by the attorney for the prevailing party, and, if apparently correct, are signed as of course by the trial judge. They are almost immediately thereafter put into the judgment roll, and if the power to-correct any error or mistake therein does not remain in the trial judge, irreparable damage might be done.
The sole question involved is one of power: for if any discretion existed it was certainly not abused ; and we think the control which the court has over its records and proceedings furnishes plenary power to prevent injustice and to correct all errors and mistakes, even after the adjournment of the term. Code, sec. 723 ; Bohlen v. M. E. R. Co., 121 N. Y. 546 ; 31 St. Rep. 888.
For these reasons the order appealed from must be affirmed, with costs.
Concurred in by Beekman, J.