George H. Heath, Respondent, *v.* New York Building Loan Banking Company, Appellant.

*New trial — when the motion, if based upon an error of fact or law, must be made — relief for surprise or mistake — when a judgment is final.*

A motion for a new trial, made upon errors and upon exceptions taken at the trial, upon the facts, and upon the ground that there was no evidence to sustain findings in favor of the defendant, must be made before the expiration of the time within which an appeal can be taken from the judgment, that is to say, within thirty days after service upon the attorney for the appellant of a copy of the judgment entered.

*Semble,* that where section 724 of the Code of Civil Procedure, providing for the relief of a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect, is applicable to a case, the court cannot grant relief where the motion is made more than a year after receipt by the moving party of notice of the judgment.

Where a judgment in favor of the defendant allows the plaintiff to pay certain amounts stated within six months and thereby obtain a reconveyance of property, but directs that, upon his failure to make such payments, the premises

shall be sold and the plaintiff be foreclosed of all his rights in the property, and that the proceeds of the sale be brought into court and be applied in the usual manner, the judgment is final as between the parties, and contains every provision essential to an execution of the decision of the court, except a direction as to the manner of the sale of the property.

APPEAL by the defendant, the New York Building Loan Banking Company, from two orders of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 25th day of July, 1895, denying the defendant's motion for an extra allowance, for a sale of the premises which are the subject of the action under the judgment entered therein, and for the appointment of a receiver, and granting the plaintiff's motion for a new trial.

*William H. Hamilton*, for the appellant.

*Hector M. Hitchings*, for the respondent.

BROWN, P. J.:

This action was before this court at the February term of the present year upon an appeal from an order which resettled the findings of the court and modified the judgment which had been entered.

The facts are sufficiently stated in the opinion then delivered and in the opinion delivered upon the appeal from our order to the Court of Appeals. (*Heath v. N. Y. Bldg. Loan Banking Co.*, 84 Hun, 302; 146 N. Y. 260.)

After the decision of the Court of Appeals the defendant moved at Special Term for an order directing (1) a sale of the premises pursuant to the provisions of the judgment, (2) an extra allowance, (3) the appointment of a receiver of the rents of the property, pending the advertisement of the sale. At the same time the plaintiff moved for a new trial. The orders appealed from denied the defendant's motion and granted a new trial.

We are of the opinion that the orders cannot be sustained.

The judgment in the action was dated June 5, 1894, and was duly entered in the clerk's office on June 8, 1894, and a copy thereof and notice of entry was served on June 11, 1894.

A motion for a new trial, founded upon an allegation of error in a finding of fact or ruling upon the law made by the judge upon the trial, must be made before the expiration of the time within

which an appeal can be taken from the judgment. (Code Civ. Proc. § 1002.)

An appeal from a final or interlocutory judgment must be taken within thirty days after service upon the attorney for the appellant of a copy of the judgment appealed from. (Code Civ. Proc. § 1351.)

A party may be relieved from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect within one year after notice thereof. (Code Civ. Proc. § 724.)

The order to show cause, upon which the plaintiff's motion was made, was dated June 15, 1895, and the motion was made upon the errors and exceptions taken upon the trial, and upon the evidence and the weight of evidence, and the fact that there was no evidence to sustain the findings in favor of the defendant, and upon the fact that the decision in favor of the defendant was contrary to equity, to good conscience and to law.

Section 724 of the Code of Civil Procedure was not applicable to the case, but, if it could be deemed so, the motion having been made after the expiration of a year from the receipt of notice of the entry of the judgment, the court was without power to entertain it. The time to appeal from the judgment had expired long before the order to show cause was served, and the court was also without power to entertain the application on the grounds stated in the moving papers.

It was claimed upon the argument that the judgment which had been entered in the action was interlocutory, and that, as defendant's application was for final judgment, the plaintiff would have had the right to appeal therefrom had its motion been granted, and, therefore, section 1002 of the Code of Civil Procedure did not apply.

We think the judgment was final. It settled and adjudicated every question at issue between the parties. It allowed plaintiff to pay certain specified amounts within six months and obtain a reconveyance of the property; but, upon failure to make such payments, the premises were to be sold and the plaintiff foreclosed of his rights therein and the proceeds of the sale brought into court and applied in the usual manner. It contained every provision essential to an execution of the decision of the court except to direct the manner of sale. There was no question at issue between the parties left to be decided. It was essential that the court should direct how and by

what officer the sale of the property should be made, and the defendant's application therefor should have been granted.

The orders must be reversed, with ten dollars costs and disburse-ments, with leave to the defendant to renew its motion.

PRATT and DYKMAN, JJ., concurred.

Orders reversed, with ten dollars costs and disbursements, with leave to defendant to renew its motion at Special Term.