### FERGUSON v. BRUCKMAN et al.

(Supreme Court, Appellate Division, Second Department. April 13, 1897.)

REFERENCE—FURTHER HEARING BEFORE REFEREE—JUDGMENT.
    After judgment has been entered on the report of a referee, a further
  hearing before the referee cannot be ordered unless the judgment is first va-
  cated.

Appeal from special term.

Action by Terrence F. Ferguson against Julius Bruckman and
others.    From an order directing a further hearing before the referee
after judgment had been entered on the referee's report, plaintiff ap-
peals.    Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,.
HATCH, and BRADLEY, JJ.

Josiah T. Marean, for appellant.
Sidney V. Lowell, for respondents.

GOODRICH, P. J.    The plaintiff and the defendant Julius Bruck-
man were co-partners in the plumbing business, under the firm
name of T. F. Ferguson & Co., which dissolved by mutual consent
in May, 1896, at which time all the assets, excepting uncollected
accounts and a piece of real estate, were divided between the part-
ners.    By this agreement it was provided that one Wright should
collect the outstanding accounts, and the division of the collec-
tions should be made between the parties according to their respec-
tive rights as they should appear on a final settlement.    Either be-
fore or pending the present action, Ferguson, instead of Wright,
collected a considerable sum of money.    A difference having arisen

.as to the individual accounts of the partners and the division to be made of the undivided assets, the settlement of these individual .accounts was left to the result of an accounting, and this action was brought for such an accounting. A reference was had, the referee made his report, and a judgment was entered that the plaintiff had overdrawn his account in the sum of $649.70, and directing "that he pay the said sum over to the said firm of T. F. Ferguson .& Co.; that thereupon said sum, and all other assets of said firm, be equally divided between the said plaintiff and the said defendant .Julius F. Bruckman." The plaintiff paid the sum named in the judgment, and refused to pay to the defendant Bruckman his share of the moneys collected on the uncollected accounts. On motion of the defendant Bruckman, a receiver was appointed, and the plaintiff paid to him $119.12, but did not pay the sum of $900 and 'upwards of assets which it is alleged that he had collected. The defendant thereupon moved for a further hearing before the referee to ascertain and report what sum had been collected by the plaintiff, in order that upon the coming in of his report a motion might be made to amend the judgment so as to include the new decision of the referee, or that a new judgment be made embra- ·cing the same. The court ordered such reference, and that upon the coming in of said report a motion might be made to amend the judgment "by inserting after the words, 'that thereupon the said ·sum and all other assets of said firm be equally divided between the said plaintiff and the said defendant Julius F. Bruckman,' a description of such 'other assets' as they may appear by the taking .of such account, and, to the end that the same may be so 'equally divided,' that the judgment further contain a direction to the said plaintiff to pay to the said defendant a sum, expressed in dollars .and cents, which shall be one-half of the sum so to be equally divided as aforesaid." From this order the appeal is taken.

We think it unquestionable that on the conceded facts the defendant Bruckman should have relief from the action of the plaintiff in failing to disclose his collection of a part of the firm claims. The order of the special term would be entirely proper, if it was within the power of the court to make such an order after judgment. We think it was not. Heath v. Banking Co., 84 Hun, 302, :32 N. Y. Supp. 454. The order must therefore be reversed, but it is entirely practicable for the defendant to still get relief. The .special term should have vacated the judgment, and ordered the case back to the referee for further hearing and new trial; and on the report of the referee a new judgment, settling the rights of the parties, should be entered.

Order reversed, without costs, with leave to the defendant to apply at special term to vacate the judgment. All concur.