TERRENCE F. FERGUSON, Appellant, *v.* JULIUS F. BRUCKMAN, Respondent, Impleaded with Others.

*Referee's report — a judgment entered thereon may be vacated, and the reference opened — it cannot be amended.*

Upon the coming in of the report of a referee, appointed in an action for an accounting between two partners, a judgment was entered that one of the partners pay to the firm a certain sum, by which he had overdrawn his account, and "that thereupon said sum and all other assets of said firm be equally divided between" the partners. Subsequently the partner who had overdrawn his account refused to pay over certain moneys which he had collected upon accounts due to the firm.

*Held,* that the court had no power to order a further hearing before the referee to ascertain the amount of such collections, and to provide that upon the coming in of his report a motion might be made to amend the judgment by inserting a description of the "other assets" referred to in the judgment, as they should appear upon such hearing, and a provision that the delinquent partner should pay to the other partner a sum expressed in dollars and cents, which should be half of such "other assets;"

That the proper practice in such a case is for the Special Term to vacate the judgment and send the case back to the referee for a further hearing and new trial.

APPEAL by the plaintiff, Terrence F. Ferguson, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 8th day of March, 1897, appointing a referee.

*Josiah T. Marean,* for the appellant.

*Sidney V. Lowell,* for the respondent.

GOODRICH, P. J.

The plaintiff and the defendant Julius Bruckman were copartners in the plumbing business under the firm name of T. F. Ferguson & Co., which dissolved by mutual consent in May, 1896, at which time all the assets, excepting uncollected accounts and a piece of real estate, were divided between the partners. By this agreement it was provided that one Wright should collect the outstanding accounts, and the division of the collections should be made between the parties according to their respective rights as they should appear on a final settlement. Either before or pending the present action, Ferguson, instead of Wright, collected a considerable sum of money.

A difference having arisen as to the individual accounts of the partners and the division to be made of the undivided assets, the settlement of these individual accounts was left to the result of an accounting, and this action was brought for such an accounting.

A reference was had, the referee made his report, and a judgment was entered that the plaintiff had overdrawn his account in the sum of $649.70, and directing " that he pay the said sum over to the said firm of T. F. Ferguson and Company; that thereupon said sum and all other assets of said firm be equally divided between the said plaintiff and the said defendant Julius F. Bruckman."

The plaintiff paid the sum named in the judgment and refused to pay to the defendant Bruckman his share of the moneys collected on the uncollected accounts. On motion of the defendant Bruckman, a receiver was appointed, and the plaintiff paid to him $119.12, but did not pay the sum of $900 and upwards of assets which it is alleged that he had collected. The defendant thereupon moved for a further hearing before the referee to ascertain and report what sum had been collected by the plaintiff, in order that, upon the

coming in of his report, a motion might be made to amend the judgment so as to include the new decision of the referee, or that a new judgment be made embracing the same. The court ordered such reference, and that upon the coming in of said report, a motion might be made to amend the judgment " by inserting after the words, ' that thereupon said sum and all other assets of said firm be equally divided between the said plaintiff and the said defendant Julius F. Bruckman,' a description of such ' other assets ' as they may appear by the taking of such account ; and to the end that the same may be so ' equally divided,' that the judgment further contain a direction to the said plaintiff to pay to the said defendant a sum, expressed in dollars and cents, which shall be one-half of the sum so to be equally divided as aforesaid." From this order the appeal is taken.

We think it unquestionable that, on the conceded facts, the defendant Bruckman should have relief from the action of the plaintiff in failing to disclose his collection of a part of the firm claims. The order of the Special Term would be entirely proper if it was within the power of the court to make such an order after judgment. We think it was not. (*Heath* v. *N. Y. Building Loan Bkg. Co.*, 84 Hun, 302.)

The order must, therefore, be reversed, but it is entirely practicable for the defendant to still get relief. The Special Term should have vacated the judgment and ordered the case back to the referee for further hearing and new trial, and on the report of the referee a new judgment, settling the rights of the parties, should be entered.

All concurred.

Order reversed, without costs, with leave to the defendant to apply at Special Term to vacate the judgment.