(18 App. Div. 358.)

### FERGUSON v. BRUCKMAN et al.

(Supreme Court, Appellate Division, Second Department. June 22, 1897).

REFERENCE—FURTHER HEARING.

  Where, after judgment on report of referee in an action for an accounting between partners, it appears that by inadvertence a certain sum collected by plaintiff was not proved before the referee, or presented for his adjudication, but the findings as to the matters presented are not attacked, a new trial before a new referee should not be ordered, but the trial continued before the old referee, and defendant be compelled to pay, as condition therefor, only what the inadvertence of his counsel has fairly cost plaintiff.

Appeal from special term, Kings county.

Action by Terrence F. Ferguson against Julius Bruckman and others. From an order of reference, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Josiah T. Marean, for appellant.

Sidney V. Lowell, for respondents.

PER CURIAM. When this case was before us upon an appeal from the order which permitted the judgment herein to stand and directed a rehearing before the referee, and an application for an amendment of the judgment on the coming in of such report, we held that such order was beyond the power of the court to make, and reversed the same. But we then said: "The special term should have vacated the judgment, and ordered the case back to the referee for a furthr hearing and new trial, and on the report of the referee a new judgment settling the rights of the parties should be entered." Ferguson v. Bruckman, 16 App. Div. 67, 44 N. Y. Supp. 812. The present order vacates the judgment and the order appointing a receiver thereunder, and orders a new trial before another referee upon certain conditions. The report of the referee shows the condition of the property and accounts, and the rights of the parties therein, so far as the property and rights are considered. Such finding is not attacked by the plaintiff, and nothing appears

in his affidavit, or in those of his attorney, making any complaint in respect thereto. The only matter which remains at issue between the parties, so far as the status is disclosed by the record, relates to the money collected by the plaintiff of outstanding accounts due the firm. Through inadvertence this sum was not proved before the referee, and the matter was not presented to him for adjudication. While there is much contradiction in respect of conversations between the counsel for the plaintiff, the defendant, and his representative, there is no dispute regarding the essential fact. The counsel for the plaintiff does not controvert the fact that the plaintiff collected, from the outstanding accounts due the firm, about the sum of $1,100, and of that sum he has only paid to the receiver $119.12. The plaintiff is undoubtedly correct in his position that this sum is all that he was compelled to pay over by virtue of the provisions of the judgment. But it by no means follows that he ought not to pay over more in good conscience and morals. Unless he have valid offsets, he holds moneys belonging to the defendant equal to one-half of the sum collected and the defendant should not have inflicted upon him, in the form of conditions, before he can have relief, a sum which practically eats up the whole amount, and against which he may not reimburse himself, if he finally succeeds. He should be compelled to pay what the inadvertence of counsel has fairly cost the plaintiff and no more. It is within the power of the court to grant relief, and to protect the rights of both parties in their present condition, without imposing excessive burdens upon either. Ladd v. Stevenson, 112 N. Y. 325, 19 N. E. 842; Day v. Allaire, 31 N. J. Eq. 303; Millspaugh v. McBride, 7 Paige, 509.

We think that the rights of each party will be secured by vacating the judgment and continuing the trial before the referee heretofore appointed, allowing the testimony already taken to stand, with liberty to each party to offer such further testimony as he may be advised, upon the conditions stated in our decision.