## FERGUSON v. BRUCKMAN et al.

(Supreme Court, Appellate Division, Second Department. December 28, 1897.)

RECEIVER OF PARTNERSHIP—POWERS.

The primary purpose of a receivership pendente lite in a suit for an accounting between partners is the preservation of the firm property, and while, if there is any property or money belonging to the firm in the possession of either party, the receiver may rightfully demand it, yet his

functions do not extend so far as to enable him to compel a party to regain
and turn over to him property which has passed out of the hands of that
party months before.

Appeal from special term, Kings county.

Action by Terrence F. Ferguson against Julius F. Bruckman and
John Haumer. From an order directing plaintiff to pay over to
Haumer, the receiver, certain assets of a firm of which the other par-
ties were members, and from an order denying a motion by plaintiff
to vacate the first-mentioned order, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and RADLEY, JJ.

Josiah T. Marean, for appellant.
George W. Sickels, for respondents.

WILLARD BARTLETT, J. This is a suit for an accounting be-
tween partners, which was duly referred to a referee, who determined
the rights of the respective parties. After judgment had been entered
upon the report of the referee, both the report and the judgment were
set aside upon the application of the defendant, and the case was
sent back before the same referee to continue the trial. This was
done in order to enable the defendant to prove an allegation which
he made a. the basis of his motion to open the judgment, to the effect
that the plaintiff had collected $919.37 of partnership moneys, which
he had applied to his own use; all of which the defendant had neg-
lected to show when the case was first before the referee. See Fer-
guson v. Bruckman, 16 App. Div. 67, 44 N. Y. Supp. 812; Id., 18
App. Div. 358, 46 N. Y. Supp. 23. It now appears that, after the
case had thus been reopened, the respondent Haumer was appointed
receiver pendente lite of the assets of the firm. He thereupon ap-
plied to the court at special term, and procured an order requiring the
plaintiff within 10 days "to deliver and pay over to the receiver
herein the sum of $919.37, assets of the firm of T. F. Ferguson & Co.,
collected by said plaintiff." This is the principal order which the
present appeal brings up for review. There was no material dispute
of fact upon the motion. The plaintiff admitted having collected the
specified amount upon certain partnership accounts, but swore in an
affidavit verified on September 15, 1897, that immediately upon the
receipt of such moneys, more than six months before, he had applied
the same to his own use, and that no part thereof had been in his
possession since the month of January, 1897. We think that an
order commanding a party to pay money to a receiver under such cir-
cumstances is based upon a misconception of the scope of a receiver-
ship pendente lite in a suit for an accounting between partners.
The primary purpose of such a receivership is the preservation of the
firm property. If there is any property or money belonging to the
firm in the possession of either party, the receiver may rightfully de-
mand it, and the court will aid him in obtaining it. But his func-
tions do not extend so far as to enable him to compel a party to regain
and turn over to him property which has passed out of the hands of
that party months before. Some support for the order under con-

siceration is supposed to be found in Beach, Rec. (2d Ed.) p. 209, in which it is said:

· "Where a partner makes an application for a receivership of the co-partnership effects for the purpose of liquidating its debts, it has been held that the court will compel him to pay over to the receiver assets collected by him shortly prior to his application."

Speaking of partnership litigations, the same author says in another place that the first and principal duty of a receiver in these cases is to collect and reduce to available funds the debts and effects of the partnership, and that "the partners may be compelled, upon his motion, to pay over collections made by them prior to his appointment." Id. p. 633. The proposition thus stated is quite correct, provided it be understood as applicable only to collections still in the possession of the partner proceeded against. That it goes no further is apparent from an examination of the only authority cited by Mr. Beach to sustain it. Murphy v. Du Berg, 11 Abb. N. C. 112. In that case the receiver, who had been appointed at the instance of the plaintiff, sought and obtained an order directing the delivery to him of $3,010, assets of the partnership. which the plaintiff had collected shortly before the appointment of the receiver. But the opinion of Judge Joseph F. Daly of the New York common pleas, in granting the motion, clearly shows that the money was still in the hands of the plaintiff, for the learned judge says:

"He does not stand in the position of a mere debtor of the co-partnership, but, as a party to the action, may be summarily compelled to transfer to the receiver any portion of the co-partnership property he now holds:"

Upon this appeal we are not called upon to consider or determine whether the act of the plaintiff in disposing of the assets which he collected was rightful or wrongful. If it was wrongful, the law doubtless affords the defendant a remedy. It is enough now to say that the particular collections in question appear to have gone too far to be reached upon a summary application by a receiver.

Orders reversed, with $10 costs and disbursements. All concur.