## DEUTERMANN et al. v. POLLOCK et al.

(Supreme Court, Appellate Division, Second Department.   May 24, 1898.)

1. FINDINGS OF FACT—CORRECTION.
    In an action tried at special term, one of the general findings of fact and a finding made upon the plaintiff's request, both of which on their face referred to a certain ·deed of 1744, were inconsistent with each ·other.   The defendant's attorney moved before the same judge to correct the latter finding by making it refer to a deed of 1730, under the claim that that was the deed to which that finding was intended to refer, and on that ground the court granted the correction.   *Held* that, as the finding as proposed did not express the fact which the court intended to find, it was a mere clerical error, which the court had clear power to correct.

2. SAME—INTENTION OF COURT.
    *Held*, further, that the contrary intention of the plaintiff's counsel, not participated in by the court, did not affect this result.

3. SAME—POWER OF JUDGE.
    After his decision of the case, the term of the judge had expired, and a few days had elapsed before he was redesignated, and thereafter he made the order appealed from.   *Held*, that as the order might have been made by any judge sitting at special term, upon being satisfied that a mistake had been made, the interruption in his term of service was immaterial upon the question of his power.

Appeal from special term, Westchester county.

Action by Charles Deutermann and others against Alexander Pollock and another.   From an order correcting a finding of fact by the justice making such finding, plaintiffs appeal.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Eugene Frayer, for appellants.
Wilson Brown, Jr., for respondents.

HATCH, J.   By the fourteenth general finding of fact the court found that the deed mentioned in the finding which was corrected did not convey the bed of the pond, and was not a conveyance of the bed of the St. Mary's Lake, and that the lands therein described could not be located or identified as the premises of the plaintiffs or of the bed of such lake or millpond.   In the request the court found that such deed referred to the millpond mentioned therein, which was the present pond, as mentioned in the complaint.   The two findings, it is quite evident, are inconsistent with each other, and when the same was proposed to be entered in the case the attorney for the defendants moved to correct the finding made upon the request of the plaintiffs by causing the same to make reference to another deed, under the claim that it was the deed to which reference was intended to be made.   Upon such motion the court granted the correction as asked, upon the ground that such finding should have referred to the ·deed from Daniel Brundage to Eleazer Yeomans, dated December 28, 1730, instead of the deed from Eleazer Yeomans to John Horton, dated May 3, 1744, which last deed was the one referred to in the fourteenth finding of fact.   It is therefore quite apparent that the learned judge

has not changed his decision in the matter in any sense, but as he had in mind when he made the proposed finding the deed of 1730, instead of the deed of 1744, it is quite evident that the finding as proposed did not express the fact which the court intended to find, and therefore the correction of such finding by reference to the former deed instead of the latter was the correction of a mere clerical error, and not a change of the substantive part of the court's decision. The power to make such correction is clear. Bohlen v. Railway Co., 121 N. Y. 546, 24 N. E. 932; Heath v. Banking Co., 84 Hun, 302, 32 N. Y. Supp. 454.

It cannot change this result that the plaintiffs' attorney, when he drew the findings which preceded the one which was amended, intended thereby to have the court pass upon such request to find, having regard to the premises conveyed by the deed of 1744. He may have had such intention, but it would not be controlling of the decision, if the court did not thereby intend to find such fact; and when, as stated by the court, it had in mind another deed in passing upon such request and making such finding. it is clear that such must be considered to be in fact the finding of the court which must control, rather than the attorney's intention. It follows, therefore, that the order in this respect should be sustained.

Counsel for the plaintiffs also claims that the court was without power to make such order, for the reason that the term of office of the judge making it expired on the 31st day of December, 1897, during which time the judge was without power to exercise judicial functions, and did not become again so invested until redesignated by the governor, on the 3d of January, 1898. Assuming that we may take judicial notice of the date of the redesignation by the governor of the judge making the order, yet it appears that the order was not made by the judge until the 5th day of March, 1898, at which time there is no pretense but that he was fully invested with authority to exercise all of the powers of a justice of the supreme court in disposing of the motion which was then made before him. There can be no question but that the supreme court would possess power to correct any clerical mistake upon proof that such mistake had been committed by the court who tried the cause. The only difficulty in such a case would be in establishing the fact of the mistake, but, that being established, the court would possess ample power to correct it. The learned judge in the present case had the same power as any other judge of the supreme court would have had holding special term. Consequently, whether there was an interregnum of two days between the expiration of his term and his redesignation would be of no consequence, for at the time when he made the order appealed from he was invested with authority to make it; and, reaching the conclusion that a mistake had been committed, he was authorized to correct it, so that the record upon appeal might speak the truth. It was quite proper in this case that he should exercise such power in order that the findings might be made harmonious, which the inadvertent reference to one deed instead of another created, a conflict which the court upon appeal might have difficulty in harmonizing. By making such cor-

rection the apparent inconsistency is destroyed, and the record is made to speak as the judge making the decision intended.

It follows that the order was correct, and should therefore be affirmed, with $10 costs and disbursements. All concur.