CHARLES DEUTERMANN and Others, as Executors, etc., of CHARLES DEUTERMANN, Deceased, Appellants, *v.* ALEXANDER POLLOCK and SAMUEL H. GAINSBORG, Respondents.

*Practice — correction by the judge making a decision of a finding therein by referring therein to one deed instead of another — effect of an interregnum between the making of the decision and the correction — power of another judge to correct the mistake.*

Where findings in the decision of the court are inconsistent with each other, and it is evident that one finding does not express the fact which the court intended to find, the correction of such finding, by referring therein to one deed instead of to another, constitutes the correction of a mere clerical error and not a change of the substantive part of the court's decision, and may be made at a Special Term held by the justice by whom the case was decided.

The fact that the term of office of the judge, as fixed by the designation of the Governor, after the expiration by the age limit of the term for which he was elected, expired on the 31st day of December, 1897, which was subsequent to his decision of the case, and that he had no power to make the correction until redesignated by the Governor on the 3d of January, 1898, does not affect his power to do so, after the latter date.

*Semble,* that any judge of the Supreme Court, holding a Special Term thereof, might exercise such power upon the fact of the mistake in the decision being established.

APPEAL by the plaintiffs, Charles Deutermann and others, as executors, etc., of Charles Deutermann, deceased, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 8th day of March, 1898, as resettled by an order entered in said clerk's office on the 28th day of March, 1898, correcting a finding of fact.

Justice DYKMAN, before whom the cause was tried, had been assigned by the Governor to perform the duties of justice of the

Supreme Court for a term ending December 31, 1897. The findings and decision were made on the last day of that term. His assignment to discharge his duties of office during the present year (1898) was not filed in the county clerk's office at White Plains, Westchester county, until January 3, 1898.

*Eugene Frayer,* for the appellants.

*Wilson Brown, Jr.,* for the respondents.

HATCH, J.:

By the 14th general finding of fact the court found that the deed mentioned in the finding, which was corrected, did not convey the bed of the pond and was not a conveyance of the bed of the St. Mary's lake, and that the lands therein described could not be located or identified as the premises of the plaintiffs or as the bed of such lake or mill pond. In the request the court found that such deed referred to the mill pond mentioned therein, which was the present pond, as mentioned in the complaint. The two findings, it it quite evident, are inconsistent with each other, and when the same was proposed to be entered in the case the attorney for the defendants moved to correct the finding made upon the request of the plaintiffs by causing the same to make reference to another deed, under the claim that it was the deed to which reference was intended to be made. Upon such motion the court granted the correction as asked, upon the ground that such finding should have referred to the deed from Daniel Brundage to Eleazer Yeomans, dated December 28, 1730, instead of the deed from Eleazer Yeomans to John Horton, dated May 3, 1744, which last deed was the one referred to in the 14th finding of fact. It is, therefore, quite apparent that the learned judge has not changed his decision in the matter in any sense, but as he had in mind, when he made the proposed finding, the deed of 1730 instead of the deed of 1744, it is quite evident that the finding, as proposed, did not express the fact which the court intended to find, and, therefore, the correction of such finding by reference to the former deed instead of the latter was the correction of a mere clerical error, and not a change of the substantive part of the court's decision. The power to make such correction is clear. (*Bohlen* v. *M. E. R. Co.,* 121 N. Y. 546; *Heath* v. *N. Y.*

*Building Loan Banking Co.*, 84 Hun, 302.)   It cannot change this result that the plaintiffs' attorney, when he drew the findings which preceded the one which was amended, intended thereby to have the court pass upon such request to find, having regard to the premises conveyed by the deed of 1744.   He may have had such intention, but it would not be controlling of the decision if the court did not thereby intend to find such fact, and when, as stated by the court, it had in mind another deed in passing upon such request and making such finding, it is clear that such must be considered to be in fact the finding of the court, which must control rather than the attorney's intention.   It follows, therefore, that the order in this respect should be sustained.

Counsel for the plaintiffs also claims that the court was without power to make such order, for the reason that the term of office of the judge making it, under the designation of the Governor, made after the term of office for which he had been elected had been ended by the age limit, expired on the 31st day of December, 1897, during which time the judge was without power to exercise judicial functions, and did not become again so invested until redesignated by the Governor on the 3d of January, 1898.   Assuming that we may take judicial notice of the date of the redesignation by the Governor of the judge making the order, yet it appears that the order was not made by the judge until the 5th day of March, 1898, at which time there is no pretense but that he was fully invested with authority to exercise all of the powers of a justice of the Supreme Court in disposing of the motion which was then made before him. There can be no question but that the Supreme Court would possess power to correct any clerical mistake upon proof that such mistake had been committed by the court who tried the cause.   The only difficulty in such a case would be in establishing the fact of the mistake, but that being established, the court would possess ample power to correct it.   The learned judge in the present case had the same power as any other judge of the Supreme Court would have had holding Special Term.   Consequently, whether there was an interregnum of two days between the expiration of his term and his redesignation would be of no consequence, for at the time when he made the order appealed from he was invested with authority to make it, and reaching the conclusion that a mistake had been com-

mitted, he was authorized to correct it, so that the record upon appeal might speak the truth. It was quite proper in this case that he should exercise such power in order that the findings might be made harmonious, which the inadvertent reference to one deed instead of another created, a conflict which the court, upon appeal, might have difficulty in harmonizing. By making such correction the apparent inconsistency is destroyed and the record is made to speak as the judge making the decision intended.

It follows that the order was correct, and should, therefore, be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.