SMITH et al. v. TRUSTEES OF TOWN OF BROOKHAVEN et al.

(Supreme Court, Special Term, Kings County.   October, 1898.)

PARTITION—CHANGING DECISION.
   In partition the decision of the court for an actual partition, although no judgment has been entered thereon, cannot be opened and testimony taken with a view to a new decision that the property be sold.

Partition proceedings between William E. T. Smith and others and the trustees of the town of Brookhaven and others.   A decision consisting of formal findings of fact and conclusions of law was made in favor of an actual partition, but judgment was never entered.   A motion was made to open the case and take testimony with a view to a new decision that the property be sold.   Motion overruled.

Clarence G. T. Smith, for the motion.
Walter H. Jaycox, opposed.

GAYNOR, J.   In New York Ice Co. v. Northwestern Ins. Co., 23 N. Y. 357, it was held that the trial court, after trying the case and giving judgment for the defendant dismissing the complaint, could set the judgment aside and allow the plaintiff to serve an amended complaint.   This was approved in Bohlen v. Railway Co., 121 N. Y. 546, 24 N. E. 932, where the order of the trial court resettling and changing the findings after judgment in a matter of fact deemed material was upheld.   In Coffin v. Lesster, 36 Hun, 347, the action of the trial court in setting the judgment for the plaintiff aside, and resettling the findings by changing the conclusions of law to give judgment for the defendant instead of the plaintiff, was upheld, and this case was affirmed by the court of appeals.   110 N. Y. 645, 17 N. E. 873.   In Heath v. Banking Co., 84 Hun, 302, 32 N. Y. Supp. 454; Id., 146 N. Y. 260, 40 N. E. 770,—the order of the trial judge opening the judgment and correcting the findings and judgment was reversed.   The judgment was for foreclosure and sale under a building and loan association agreement.   The sum of $3,800 had been bid for the loan, and this sum with dues, etc., was payable in stated installments running

through about 12 years, the interest on the loan being also paid during that period, at the end of which time the loan was to be deemed paid, and the property free and clear of the loan, according to the well-known building and loan company system. The installments due and unpaid on the said sum bid up to the time of judgment amounted to only about $200, but the accountant who was examined to show the total amount due of loan, interest, dues, assessments, etc., gave it as $8,014.66. In this he included all of the said sum of $3,800, whereas in fact only about $200 thereof had accrued. The findings and judgment were changed to correct this error, for that the accountant had sworn that twice 2 made 6 did not make it so. Whether the defendant was entitled to the part of the said $3,800 which had not accrued, as well as the part which had accrued, or only to the amount thereof which had accrued, was a question of law dependent wholly upon the written contract, and not upon the testimony of any accountant or actuary.

This latter case establishes the rule. Under it I do not see that Mr. Justice Brown could have changed his decision herein, and that it cannot be done upon this motion follows.

The motion is denied.