Benjamin Brenner, J.
Defendant, husband, moves to vacate and set aside a judgment of separation awarded his wife and for a new trial or, in the alternative, to reduce the amount of permanent alimony payable pursuant to the judgment.
Plaintiff, wife, questions the power of the court to consider this motion, contending that under section 549 of the Civil Practice Act it is required by rule 60-a of the Buies of Civil Practice to be made within 15 days of the decision of the court. The motion was brought in Special Term and hence not made pursuant to section 549, but rather pursuant to section 552. It is thus timely under section 612 of the Civil Practice Act, because it was brought on within the time in which an appeal could be taken from the judgment.
*210 Plaintiff also erroneously contends that under section 1520 of the Civil Practice Act the defendant is stayed from further proceedings because he has not complied with an order of this court, made prior to trial, with respect to a counsel fee. The section is applicable to costs and other sums payable under an order which cannot be reduced to judgment. (Foley v. Carter, 214 App. Div. 292 ; 23 Carmody-Wait, New York Practice, § 301.) The counsel fee aforesaid could have been reduced to judgment and therefore the failure to comply therewith is no bar to this proceeding.
As do the merits of the motion, the husband asserts that the decision of the court was contrary to the weight of the evidence. His primary contention appears to be that statements made by me at the end of the trial with regard to the acts of cruelty alleged by his wife are inconsistent with my subsequent written opinion. This is not so, but even assuming that they are inconsistent the court is not bound by remarks made immediately after a trial when thereafter and upon further reflection, it is satisfied that on the evidence, fact determinations must vary from such remarks or from inferences which may be drawn from them. In any case, the fact that I requested briefs from the parties is an indication that there was no finality in such remarks and that I was still considering all of the acts of cruelty testified to.
The further contention that the husband’s trip to Las Vegas and his threat to there procure a divorce cannot be made a basis for a finding of cruelty since it was not alleged in the complaint is without merit. The allegations of the complaint is paragraph 4-d and of plaintiff’s affidavits in support of her motion for temporary alimony afford a sufficient basis for such a finding. But this evidence is merely part of the husband’s pattern of conduct, as is the admitted episode wherein he threw a glass of milk in the direction of plaintiff while she was holding her year-old baby in her arms. This frightening act, his threat in Las Vegas, his assaults and other acts all impelled me to evaluate the husband’s entire course of conduct as cruel and inhuman. And, it should be noted, a husband’s course of conduct, quite apart from findings of specific acts of cruelty, may not be excluded in weighing such charges. (Rasmussen v. Rasmussen, 278 App. Div. 670; Passera v. Passera, 276 App. Div. 852; Fisher v. Fisher, 223 App. Div. 19, affd. 250 N. Y. 313.) The motion to vacate the judgment and to grant a new trial is therefore denied.
*211 The husband’s application for a reduction in alimony is also denied. His income and means were fully considered. No change in circumstances is shown at this time to warrant a reduction.
There is a matter which has not been raised by either party discovered on reading the motion papers. The findings of fact which were submitted by the plaintiff are not in accord with the written opinion of the court and with the facts as actually found and, through oversight, such findings were signed without change. The court having the power to correct a mistake due to inadvertence (Civ. Prac. Act, § 105; Bohlen v. Metropolitan El. Ry. Co., 121 N. Y. 546; Sweeney v. Modern Woodmen of America, 206 App. Div. 730; Commercial Bank v. Catto, 13 App. Div. 608; Boyd v. Campbell, 12 Misc. 351, affd. sub nom. Boyd v. Boyd, 146 N. Y. 403), paragraphs 5-c through 5-e and 5-g through 5-j are ordered stricken from the findings of fact.
Settle order on notice.