CATHARINE M. FANNON, Plaintiff, *v.* ANNIE McNALLY and Another, Defendants, Impleaded with SARAH CUNNINGHAM, Appellant, and MARGARET WALSH, Respondent.

*Partition suit — power to make an order directing a different disposition of the proceeds of sale from that directed in the final judgment therein — the remedy is by a new trial.*

After a final judgment has been entered in an action for the partition of real property, directing the distribution of the proceeds thereof, the court has not power to make an order not in terms amending the judgment, but directing that another and different distribution be made of the proceeds of the sale in partition.

*Semble,* that such an order, even if in terms purporting to amend the judgment, would not be within the powers of the court, which in such a case could only grant a new trial in the action.

APPEAL by the defendant, Sarah Cunningham, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 7th day of July, 1898, directing that the defendant Sarah Cunningham and her attorneys return to the referee her distributive share of the real estate of Catharine Shields, deceased, which was paid to her under a final judgment in the action, and directing that it be referred to a referee to take proof of claims against the decedent's estate.

The action was brought for the partition of premises of which one Catharine Shields died seized.

*James P. Judge,* for the appellant.

*Herbert S. Worthley,* for the respondent.

PER CURIAM :

The moving papers show that one Margaret Walsh was a creditor of Catharine Shields, deceased, in the sum of $400 and upwards. The real estate of Catharine Shields became the subject of an action of partition, to which Sarah Cunningham, the appellant, was a party. Said action proceeded in the usual form, and an interlocutory judgment therein was entered, directing the sale of the premises, which were subsequently sold by a referee. Upon the coming in of the report of the referee appointed under the interlocutory judgment, the

same was confirmed and final judgment was entered thereon, among other things directing the distribution of the proceeds of the property, of which Sarah Cunningham was to receive $667.55. Before the distribution of the money by the referee, and upon consent, a stay of proceedings was had under the judgment to enable the said Walsh to establish her claim. Upon motion, this stay was vacated, and thereupon the referee paid the distributive share to Sarah Cunningham. Subsequently this motion was made to procure an amendment of the judgment so as to direct that the moneys arising under the sale and directed to be paid to the distributees under the judgment, be paid to the executor of the will of Catharine Shields, deceased, and that pending the determination of this motion the referee be enjoined from disposing of any of the moneys in his hands. Thereupon the court made an order directing the said Cunningham to pay back to the referee the distributive share paid to her, and ordering the referee to retain all of the moneys in his hands, and appointing him a referee to take proof of the claims of the creditors of the said Catharine Shields, deceased, and report to the court; and further directing that upon the coming in of the report of the said referee, an order be entered directing the said claims of the creditors of said deceased to be paid out of the moneys in the hands of the referee, and after such payment the balance to be distributed among the residuary legatees under the will. From such order the defendant Cunningham appeals.

We are unable to see how the order, in any view, can be sustained. The judgment still stands as a valid adjudication and has not been disturbed in its force or efficacy since it was rendered; it is conclusive upon all parties and fixed their rights. (*Jordan* v. *Van Epps*, 85 N. Y. 427.) The effect of this order is to disregard the provisions of the judgment, and, although the same was not modified or attempted to be, an entirely different direction has been given, which is in direct conflict with the terms of the decree. Judgments may not be so disregarded. The order does not in terms amend the judgment, and, if it did, it would be beyond the power of the court so to do. (*Heath* v. *N. Y. Building Loan Banking Co.*, 146 N. Y. 260.) The effect of such amendment is to change the whole character of the judgment which has been entered. At most the court would only possess the power to grant a new trial in that

action. When the money was paid over to Sarah Cunningham, it became her property absolutely, and, in the absence of any change in the judgment, the court was powerless to control her right to its use.

It follows that the order should be reversed.

All concurred.

Order reversed, with ten dollars costs and disbursements.