### SMITH v. SMITH et al.

(Supreme Court, Appellate Division, Second Department. May 8, 1899.)

1. JUDGMENT—AMENDMENT.

It cannot be said that the court failed of a proper exercise of its discretion in refusing, on motion of a defendant, to amend the judgment by insertion of certain clauses of a surrogate's decree; it having had the decree before it, and the defendant's attorney having appeared, and not excepted to findings, or, on application for interlocutory judgment, asked anything of the court, and not having appeared on application for final judgment.

2. SAME.

A judgment cannot be amended so as to vary the rights of the parties as fixed by the decision of the court and the judgment entered thereon.

3. APPEAL—OBJECTIONS WAIVED.

One, on appeal from refusal of his motion to amend a judgment, cannot claim that the motion should have been submitted to the judge who conducted the trial in the first instance, he having voluntarily submitted it to the justice presiding at the special term.

Appeal from special term, Kings county.

Action by Araminta Smith against Hannah Smith and others. From an order denying motion of one of the defendants, Frederick Beltz, as substituted trustee under the will of Sarah N. Eagleton, deceased, he appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Fulton McMahon, for appellant.
C. B. Palmer, for respondent Araminta Smith.

WOODWARD, J. This is an action in partition, resulting in a final judgment, by which provision was made for the distribution of the avails of certain real estate situate in the city of Brooklyn. The appellant is the substituted trustee under the last will and testament of Sarah N. Eagleton, and he seeks, by a motion made at special term, to have the judgment amended by the insertion of certain clauses of the decree of the surrogate's court of New York county. There is no doubt of the power of the court, under the provisions of section 724 of the Code of Civil Procedure, to amend a judgment to make it conform to the facts upon which the judgment was based; but this is a power within the discretion of the court having jurisdiction of the question, and, in the absence of

facts tending to show that there has been an abuse of this discretion, or that the court has failed to exercise a discretion, there would seem to be no good reason why the order of the court should be reversed. The court had the decree of the surrogate's court before it. The appellant's attorney appeared, and did not except to findings, or, on application for an interlocutory judgment, ask anything from the court. He did not appear upon application for a final judgment; and, under the circumstances of this case, we are unable to say that the court below failed of a proper exercise of its discretion in refusing to amend the judgment in the manner asked for by the appellant. It is urged, however, on behalf of the appellant, on the authority of Oakley v. Cokalete, 6 App. Div. 229, 39 N. Y. Supp. 1001, that, as the justice before whom this motion was made was not the one who heard the case in the first instance, it was not proper for him to determine the motion. The appellant is not, in our opinion, in a very good position to urge this objection. The motion to amend the judgment was made by the appellant; he voluntarily submitted the question to the discretion of the justice presiding at the special term; and he cannot now be heard to say that the matter should have been heard by the justice who conducted the trial of the case in the first instance. It is also to be observed that there was no power in the court to grant the relief asked for. The trustee and moving party was a party to the action. His lien on the property sought to be partitioned, if any, it was necessary for him to set up by answer, and establish by proof. Winfield v. Stacom (App. Div. 2d Dept.; decided April 18, 1899, and not yet officially reported) 57 N. Y. Supp. 563. The amendment asked for would vary the rights of the parties as fixed by the decision of the court and the judgment entered thereon. This the court could not grant. Heath v. Banking Co., 146 N. Y. 260, 40 N. E. 770; Fannon v. McNally, 33 App. Div. 609, 53 N. Y. Supp. 1032. The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur, except BARTLETT, J., not voting.