(57 Misc. Rep. 88.)

### In re ANDREWS.

(Supreme Court, Special Term, New York County. December, 1907.)

INSANE PERSONS—COMMITTEE—REMOVAL.

Where a motion is made for a stay continuing the committee of an incompetent after removal and after the filing and approval of a bond of the substituted committee, and pending an appeal from the order of removal, and also a motion is made to resettle the order of removal, which in effect would nullify the same, they will be denied for want of power.

In the matter of Constant A. Andrews. On motion to resettle final order. Denied.

See 56 Misc. Rep. 6, 106 N. Y. Supp. 13.

Parker, Hatch & Sheehan, for Constant A. Andrews and Blanche L. Andrews.

George C. Kobbe, for Nannie V. Roosevelt.

Grant Notman, for John E. Roosevelt.

DAYTON, J. This is an application made by Nannie V. Roosevelt before Mr. Justice Davis, and referred to me, to resettle the final order or judgment in this proceeding, entered November 23, 1907, upon a decision handed down September 16, 1907. Notice of this application was given to Mr. Roosevelt, Mr. Sullivan, the special guardian, and "Constant A. Andrews, Esq." Its ostensible purpose is to reverse and nullify the removal of Messrs. Roosevelt and Andrews as commit-

tee of the estate upon the grounds (a) that the removal of Mr. Roosevelt urged by counsel for Mr. Andrews should not have been considered for want of sufficient notice to Mr. Roosevelt, and (b) that Messrs. Andrews and Roosevelt have agreed to work in harmony and do not think it would be for the best interests of Mrs. Andrews that either should be removed as committee of the estate, and desire that outstanding litigation be adjusted as soon as possible upon the basis of both remaining as committee of the estate. These propositions were fully discussed before me on the settlement of the order, all parties being represented by counsel; my memorandum (106 N. Y. Supp. 1096) being in part as follows:

"It has not, however, been made clear to the court that this understanding so recently arrived at has for its main consideration the welfare of the incompetent, nor am I satisfied that this truce is more than a temporary arrangement, which may at any moment be abrogated and a resumption of hostilities ensue. * * * Courts will always favor an adjustment of differences between litigants, where the interests involve their personal interests or property. Mrs. Roosevelt and Mr. Andrews, however, have only expectancies dependent upon the survival of one or the other at the death of the incompetent. Thus the action of the court is confined to the promotion of the welfare of the latter, and, therefore, being still of the opinion from the record before me that the relations existing between Messrs. Roosevelt and Andrews are such as to render their cordial joint action out of the question, and that a disinterested well-qualified committee of the estate should be substituted, the order proposed by counsel for Mr. Andrews, as amended, has been signed."

This application confirms the views then expressed. The bond of the substituted committee for $400,000 was approved and filed. There is also at this time another application pending before Mr. Justice Greenbaum for a stay, continuing Messrs. Roosevelt and Andrews as committee of the estate pending an appeal by Mr. Roosevelt from the order of November 23, 1907. It is apparent upon the face of these two applications that both cannot be said to be in good faith. This effort to question the power of the court to remove Mr. Roosevelt (Mr. Andrews having expressed a desire to resign) is fully met by the record and the language of my decision or finding of September 16, 1906, to wit:

"I have read all the briefs of counsel and heard them orally, all the parties in interest including the incompetent by her special guardian are before the court, and I am convinced that the appointment of a referee to report as to the person to be selected as the committee of the estate in place of Messrs. Roosevelt and Andrews would involve useless time and expense, and that the provisions of section 2339 of the Code of Civil Procedure should now be invoked."

The conduct of Mr. Andrews has caused the retirement of Messrs. Parker, Hatch, and Sheehan as his attorneys, so that those gentlemen should not be included in any inference flowing from this collusive and improper procedure to avoid the specific directions and mandates of a final order, resisted by the attorney for Mr. and Mrs. Roosevelt, and now tacitly aided by Mr. Andrews. These parties having invoked the jurisdiction of this tribunal to dispose of their disgraceful warfare concerning this helpless woman and her estate, their disputes and quarrels having already cost her estate more than $10,000, now desire and propose to disregard the judgment of the

court upon their controversy and to require the court to consent to their changed wishes. The suggestion merits rebuke. Had Mr. Andrews and the attorneys for Mr. and Mrs. Roosevelt examined the authorities, they could have readily ascertained that the court has not the power to amend its final order in the manner proposed. Heath v. New York B. L. B. Co., 146 N. Y. 260, 40 N. E. 770; Fannon v. McNally, 33 App. Div. 609, 53 N. Y. Supp. 1032; 23 Cyc. 868, and cases there cited.

Mr. Hubbell, the referee, submits a memorandum that certain clerical errors in the figures of the account have been discovered in his report, and also claims a further sum of about $350 for referee's and stenographer's fees inadvertently admitted from the final order. Mr. Hubbell informs me that the parties will consent to the insertion of this sum in the order. The order has been amended nunc pro tunc as of November 23, 1907, in these particulars. Motion to resettle order denied, with $10 costs.

Motion denied, with $10 costs.