GEORGE H. HEATH, Appellant, *v.* NEW YORK BUILDING LOAN BANKING COMPANY, Respondent.

After entry of judgment in an equity action on findings of fact and conclusions of law, the Special Term, which tried the action, has no power on motion for a re-settlement of the findings and conclusions to make amendments therein, altering the decision on the merits and changing the substantial rights of the parties.

The authority given to the court by the Code of Civil Procedure (§ 723) to make amendments is confined to such as do not affect the substantial rights of the parties.

(Argued May 20, 1895; decided May 28, 1895.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made February 14, 1895, which reversed an order of Special Term re-settling the findings of fact and conclusions of law on trial at Special

Term and modifying a judgment in favor of defendant entered upon such findings and conclusions.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. J. Perry* for appellant. The power of the court to amend, change and control its own acts and records is inherent. It is also statutory. (Code Civ. Pro. § 723.) It is also *stare decisis.* (*Bohlen* v. *M. E. R. R. Co.*, 121 N. Y. 546.)

*William H. Hamilton* for respondent. The order is not appealable. (*Randall* v. *Packard*, 142 N. Y. 47; *Shuttleworth* v. *Winter*, 55 id. 624; *Tyng* v. *Halsted*, 74 id. 604; *Quincy* v. *Young*, 53 id. 504; *Van Slyke* v. *Hyatt*, 46 id. 259.) The learned justice had no jurisdiction to make the order reversed by the General Term. (*Rockwell* v. *Carpenter*, 25 Hun, 530; *Kamp* v. *Kamp*, 59 N. Y. 212; *McLean* v. *Stewart*, 14 Hun, 472; *Clark* v. *Hall*, 7 Paige, 382; *Adams* v. *Ash*, 46 Hun, 110; *Gasz* v. *Strick*, 19 N. Y. S. R. 315; *Whiteside* v. *N. C. Assn.*, 68 Hun, 568; *Parker* v. *Linden*, 59 id. 359; Code Civ. Pro. § 723; *Bohlen* v. *M. E. R. R. Co.*, 121 N. Y. 546; *Hotaling* v. *Marsh*, 14 Abb. Pr. ——; *Palmer* v. *Ins. Co.*, 22 Hun, 224; *Morgan* v. *Taylor*, 23 N. Y. S. R. 960; *Gormerly* v. *McGlynn*, 84 N. Y. 284; *F. Nat. Bank of West Troy* v. *Levy*, 41 Hun, 461.) Plaintiff's affidavit of August sixth gave no support to the order of Justice GAYNOR. (*Jacobs* v. *Morange*, 47 N. Y. 57; *Weed* v. *Weed*, 94 id. 243–247.) The judgment itself was originally right and just. (*Boone* v. *H. L. Assn.*, 51 N. Y. S. R. 63; *Marks* v. *M. C. P. S. & L. Assn.*, 52 id. 451.)

BARTLETT, J. The plaintiff is a stockholder in the defendant company, and as a borrower of money therefrom, sued to have declared fraudulent and void a deed, mortgage and agreement, and that he be allowed to rescind the same by paying the amounts advanced by defendant less sum paid by plaintiff for the stock of defendant and fees paid defendant for making the loan.

The defendant interposed a defense, not material to consider in detail at this time, and set up a counterclaim; on the trial the plaintiff failed to prove his cause of action and his complaint was dismissed.

At the close of plaintiff's case it only remained for defendant to prove the amount due to it from plaintiff, which was accordingly done.

Thereupon the court found, among other things, that there was due from plaintiff to defendant $8,014.66, together with certain amounts of fines and interest.

Then followed the legal conclusions, among others, that if plaintiff paid these amounts within six months from entry of judgment he should receive a re-conveyance of his property subject to certain liens, and the agreement or lease and shares of stock were to be canceled.

If the plaintiff failed to pay these amounts within the time indicated he was to be barred and foreclosed of his rights, the premises sold, and proceeds brought into court and applied in the usual way.

Judgment was entered in accordance with these findings and conclusions.

After the time to appeal from the judgment had expired, the plaintiff procured from the justice who tried the case an order, returnable before him at Special Term, requiring the defendant to show cause why the findings of fact and conclusions of law should not be re-settled, on the ground, among others, that his own attorney did not give his case due attention, and that a judgment was entered against him for upwards of eight thousand dollars, which, as to thirty-eight hundred dollars of it, was without consideration and without warrant in the testimony, and if warranted by the testimony, the "said amount of $3,800.00 is only a name without a substance, and if a substance it is usury."

The Special Term heard the motion, reduced the amount found to be due from plaintiff to defendant from $8,014.66 to $5,217.99, and amended the findings, conclusions and judg-

ment to conform to this new and extraordinary adjudication upon the rights of the parties.

At the trial the defendant, by uncontradicted evidence, received without objection, had proved the amount due from plaintiff.

We agree with the learned General Term that the amendment made corrected no clerical error — no mistake of computation, but changed the substantial rights of the parties.

It would be a most dangerous precedent if such a wide departure from due and orderly procedure, as is here disclosed, should be permitted.

The contention of plaintiff's counsel that section 723 of the Code of Civil Procedure allows such a motion to be made is a mistake.

This section was designed to confer upon courts the amplest power to correct mistakes in process, pleadings and in all other respects, so long as the substantial rights of parties are not affected. (*Bohlen* v. *Met. El. Ry. Co.*, 121 N. Y. 546–550.)

In the case at bar a decision upon the merits was altered and defendant's recovery reduced by a very considerable amount.

The plaintiff was not remediless in the situation in which he found himself, assuming there was merit in his contention, but he mistook his remedy when he resorted to the motion now under review.

The defendant cannot be subjected to a reduction in the amount of its original recovery and a radical change in the rulings of the court on the questions presented, except upon a new trial.

We express no opinion as to the merits, placing our decision solely on the ground that the Special Term had no power to entertain this motion.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.