FANNON v. McNALLY et al.

(Supreme Court, Appellate Division, Second Department. October 25, 1898.)

JUDGMENT—AMENDMENT—PARTITION.

> After a judgment in partition has been entered directing a distribution of the proceeds, the court cannot make an order directing the distributees to pay back the money to the referee, and directing the referee to retain the money, and take proof of claims, and make payment thereon.

Appeal from special term, Kings county.

Action for partition by Catharine Fannon against Annie McNally and others. From an order staying proceedings upon the final judgment directing the payment of the proceeds, defendant Cunningham appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

James P. Judge, for appellant.

Herbert S. Worthley, for respondent.

PER CURIAM. The moving papers show that one Margaret Walsh was a creditor of Catharine Shields, deceased, in the sum of $400 and upward. The real estate of Catharine Shields became the subject of an action of partition, to which Sarah Cunningham, the appellant, was a party. Said action proceeded in the usual form, and an interlocutory judgment therein was entered, directing the sale of the premises, which were subsequently sold by a referee. Upon the coming in of the report of the referee appointed under the interlocutory judgment, the same was confirmed, and final judgment was entered thereon, among other things directing the distribution of the proceeds of the property, of which Sarah Cunningham was to receive $667.55. Before the distribution of the money by the referee, and upon consent, a stay of proceedings was had under the judgment, to enable the said Walsh to establish her claim. Upon motion, this stay was vacated, and thereupon the referee paid the distributive share to Sarah Cunningham. Subsequently this motion was made to procure an amendment of the judgment so as to direct that the moneys arising under the sale, and directed to be paid to the distributees under the

judgment, be paid to the executor of the will of Catharine Shields, deceased, and that pending the determination of this motion the referee be enjoined from disposing of any of the moneys in his hands. Thereupon the court made an order directing the said Cunningham to pay back to the referee the distributive share paid to her, and ordering the referee to retain all of the moneys in his hands, and appointing him a referee to take proof of the claims of the creditors of the said Catharine Shields, deceased, and report to the court, and that, upon the coming in of the report of the said referee, an order be entered directing the said claims of the creditors of said deceased to be paid out of the moneys in the hands of the referee, and after such payment the balance to be distributed among the residuary legatees under the will. From such order the defendant Cunningham appeals.

We are unable to see how the same, in any view, can be sustained. The judgment still stands as a valid adjudication, and has not been disturbed in its force or efficacy since it was rendered. It is conclusive upon all parties, and fixed their rights. Jordan v. Van Epps, 85 N. Y. 427. The effect of this order is to disregard the provisions of the judgment, and, although the same was not modified or attempted to be, an entirely different direction has been given, which is in direct conflict with the terms of the decree. Judgments may not be so disregarded. The order does not in terms amend the judgment, and, if it did, it would be beyond the power of the court so to do. Heath v. Banking Co., 146 N. Y. 260, 40 N. E. 770. The effect of such amendment is to change the whole character of the judgment which has been entered. At most, the court would only possess the power to grant a new trial in that action. When the money was paid over to Sarah Cunningham, it became her property absolutely; and, in the absence of any change in the judgment, the court was powerless to control her right to its use.

It follows that the order should be reversed.