(41 Misc. Rep. 335.)

DUNSCOMB et al. v. POOLE.

(Supreme Court, Special Term, New York County. August, 1903.)

1. JUDGMENT—AMENDMENT.

Where, in an equity action, judgment has been entered on findings of fact and conclusions of law, on motion for resettlement the court cannot amend so as to alter the decision on the merits; Code Civ. Proc. § 723, authorizing only such amendments as do not affect the merits.

2. SAME.

Where a judgment has been rendered for defendant for the surrender to him by plaintiff of certain securities, he cannot have the same changed into one for money damages.

Action by Godfrey Dunscomb and Frank E. Jennison against John H. Poole. Judgment for defendant. Motion to amend. Denied. See 82 N. Y. Supp. 1099.

Curtis, Mallet, Prevost & Colt, for plaintiffs.

Cantor, Adams & McIntyre, for defendant.

DAVY, J. This is a motion upon an order to show cause why the decision and judgment of the trial court herein should not be amended nunc pro tunc as of May 31, 1902, as follows: By striking out the fifth and seventh conclusions of law, and each and every part thereof,

and inserting in lieu thereof the following conclusion of law, to be numbered "Sixth," viz.:

"Sixth. That by reason of said wrongful conversion and misappropriation of said property by the plaintiffs, and the damage sustained by him thereby, and by reason of plaintiffs' violation of the said agreement and understanding with defendant, and the 'terms thereof, under which they retained said twenty-two $1,000 bonds of the Denver & Southwestern Railway Company on deposit, this defendant became entitled, and is now entitled, to recover of the plaintiffs, Godfrey Dunscomb and Frank E. Jennison, and each of them, the value of said bonds, $980 each, back from plaintiffs, together with all interest accrued thereon, collected and retained by plaintiffs, free, clear, and discharged of and from any claim or lien of plaintiffs therein and thereon, upon payment to plaintiffs of the amount of defendant's indebtedness to plaintiffs of $6,631.86, less $2,437.50 damages sustained by defendant through the said conversion of his 500 shares of stock, together with an extra allowance of $250, and the costs and disbursements of this action, to be taxed by the clerk of the county of New York."

Second. Why the judgment entered herein on June 20, 1902, should not be amended by striking out the paragraphs of said judgment numbered "First" and "Second," and each and every part thereof, and by inserting in lieu and in place thereof, nunc pro tunc as of June 20, 1902, after the words "ordered, adjudged, and decreed as follows," the following:

"That the plaintiffs pay to the defendant, and the defendant, John H. Poole, have and recover of the plaintiffs, Godfrey Dunscomb and Frank E. Jennison, and each of them, the sum of $16,942.71, with the sum of $1,080.57, interest on such sum from May 28, 1901, amounting together to the sum of $18,023.28, and also the further sum of $378.80, defendant's costs and disbursements as taxed, including an extra allowance, making in all the sum of $18,402.08, and that defendant have execution therefor."

Third. In case the amendments above referred to be not granted by the court, why the said decision and judgment herein should not be vacated and set aside, and this action be sent back to the Special Term of this court, and restored to the calendar thereof for trial, so that the defendant may obtain a money judgment herein.

It appears from the record that on June 20, 1902, the following judgment was, on motion of defendant's attorneys, entered on the decision of the trial court:

"First. That the defendant recover and the plaintiffs deliver and surrender up to the defendant the twenty-two (22) gold coupon five per cent. bonds of the Denver & Southwestern Railway Company, of the par value of one thousand dollars ($1,000) each, mentioned in the said decision, and all interest accrued thereon, collected and retained by plaintiffs subsequent to May 28, 1901, the date of the commencement of 'this action, together with the sum of $378.80 costs as taxed, including an extra allowance upon payment to plaintiffs by defendant of the sum of four thousand six hundred and seventeen and 29/100 dollars ($4,617.29); or,

"Second. In lieu and place of such surrender of said bonds, and each of them, and the payment of said interest, and in case same be not made, that the plaintiffs pay to the defendant, and the said defendant, John H. Poole, have and recover of the plaintiffs, Godfrey Dunscomb and Frank E. Jennison, and each of them, the sum of $16,942.71, with the sum of $1,080.57, interest on such sum from May 28, 1901, amounting together to the sum of $18,023.28, and also the further sum of $378.80, defendant's costs and disbursements as taxed, including an extra allowance, making in all the sum of $18,402.08, and that defendant have execution therefor."

Plaintiffs appealed to the Appellate Division from the foregoing judgment, which was affirmed May 15, 1903. After the affirmance of the judgment by the Appellate Division (83 App. Div. 642, 82 N. Y. Supp. 1099), plaintiffs offered to deliver the 22 Denver & Southwestern Railway Company bonds to the defendant on the payment of defendant's indebtedness to plaintiffs. Defendant, by his attorneys, refused to consider this offer. It is clear that, if this amendment is granted, it will affect the substantial rights of the plaintiffs. The rule is well settled that, after an entry of judgment in an equity action based on findings of fact and conclusions of law, the judge at Special Term who tried the action has no power, on motion for resettlement of the findings, conclusions, and judgment, to make amendments therein altering the decision on the merits, and changing the substantial rights of the parties. The authority given to the court by Code Civ. Proc. § 723, to make amendments, is confined to such as do not affect the merits. The spirit and meaning of this section of the Code is that the courts, in furtherance of justice, may disregard immaterial errors, defects, and mistakes in the pleadings and proceedings of an action, but they are not permitted to make corrections that will affect the substantial rights of the adverse party. Heath v. N. Y. B. L. B. Co., 146 N. Y. 260, 40 N. E. 770; Bohlen v. M. E. R. Co., 121 N. Y. 551, 24 N. E. 932. The judgment in this case was entered in accordance with the findings and conclusions of law, and there is no ambiguity in the language; and it would be an unusual adjudication for this court, after an appeal from the judgment has been taken, and the judgment affirmed, to amend the findings, conclusions, and judgment to conform to the views of the defendant, or to meet some supposed equity subsequently discovered. The proposed amendments in this case are clearly not the correction of a clerical error. There was no mistake in the findings, conclusions, and judgment. The judgment rendered was what the defendant, in his counterclaim, asked for, and what the trial judge meant to give. The motion, therefore, must be denied, with $10 costs to the plaintiffs.

Motion denied, with $10 costs.