(121 App. Div. 480.)

### SMITH v. SMITH et al.

(Supreme Court, Appellate Division, Second Department.　October 4, 1907.)

PARTITION—PROCEDURE—INTERLOCUTORY JUDGMENT—COSTS.

Under Code Civ. Proc. § 1022, providing that, in an action where the costs are in the discretion of the court, the decision must award or deny costs, and, if it awards costs, it must designate the party to whom the costs to be taxed are awarded, where the decision in a partition suit directed an actual partition, with costs to plaintiff, it was error to amend by order the interlocutory judgment entered, so as to also award costs to the defendants.

Appeal from Special Term, Suffolk County.

Suit for partition by Clarence G. T. Smith against William E. T. Smith and others.　From an order resettled by a subsequent order amending an interlocutory judgment for plaintiff for costs and disbursements, entered as directed by the judgment for partition, so as to also award costs to defendants, plaintiff appeals.　Reversed.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

Leonard J. Reynolds (John Lyon and Clarence G. T. Smith, on the brief), for appellant.

Timothy M. Griffing, for respondents.

MILLER, J.　This appeal involves a question of costs in a partition suit.　The case was tried before the late Justice Wilmot M. Smith, who made a decision containing findings of fact and conclusions of law in which the rights of the respective parties were stated, and a judgment was directed for actual partition, with costs to the plaintiff.　Upon this an interlocutory judgment was entered which provided that the plaintiff should have costs and disbursements, to be taxed by the clerk.　The order appealed from amends this interlocutory judgment, so as to award costs to the defendants as well as the plaintiff.　Section 1022 of the Code of Civil Procedure provides:

"In an action where the costs are in the discretion of the court the decision or report must award or deny costs, and if it awards costs it must designate the party to whom the costs to be taxed are awarded."

The only interlocutory judgment that could be entered was the one directed by the decision.　While the court would have power to correct an error in the entry of judgment, it could not change the decision or authorize the entry of a judgment differing from the one directed by the decision.

For these reasons, the order must be reversed, and the motion denied.

Order reversed, with $10 costs and disbursements, and motion denied, with costs.　All concur.