(140 App. Div. 252.)

### HEINITZ v. DARMSTADT.

(Supreme Court, Appellate Division, Second Department. October 20, 1910.)

JUDGMENT (§ 297*)—COURTS (§ 116*)—AMENDMENT—AFTER JUDGMENT.

After final judgment, the trial court has no power by amendment to change a ruling on the law, alter the decision on the merits, or make any change in the record, except to correct errors or mistakes which may be termed clerical, or necessary to conform the record to the truth.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 581; Dec. Dig. § 297;* Courts, Cent. Dig. §§ 369–373; Dec. Dig. § 116.*]

Appeal from Kings County Court.

Action by Saul Heinitz against Frank Darmstadt. From part of an order, striking from the printed and certified appeal book defendant's proposed findings and previous rulings made thereon, and substituting therefor other rulings, one or more of which were contrary to those previously made, defendant appeals. Reversed.

Argued before WOODWARD, BURR, THOMAS, RICH, and CARR, JJ.

A. P. Bachman, for appellant.
Harry H. Altman, for respondent.

BURR, J. The trial of this action in the County Court of Kings county resulted in a judgment for the plaintiff. Findings of fact and conclusions of law were settled and signed by the trial judge, in accordance with the provisions of section 1022 of the Code of Civil Procedure, and the defendant appellant seasonably submitted his requests

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for findings of fact and rulings upon questions of law, which were passed upon and filed as required by section 1023 of the said Code. Thereafter an appeal from the judgment was taken to this court. On March 14th a proposed case on appeal was served, on March 21st amendments thereto were proposed, and on March 29th the case on appeal was settled; all the proposed amendments having been allowed. On May 21st a printed copy of the judgment roll, including the findings and requests to find, with the rulings made thereon, and of the case on appeal as settled, was presented to the trial judge, who signed the certificate of settlement and ordered it to be filed. A copy thereof, so signed and certified by the clerk of the County Court, was filed in this court. On May 27th, and subsequent to such filing, respondent moved, on notice, before the trial judge, for an order changing his rulings on some of appellant's requests to find. This motion seems to have been granted. With the exact terms of the decision thereof we are not concerned, since on June 24th a reargument of the motion was had, and on June 28th an order was made striking out from the printed and certified appeal book defendant's proposed findings and the previous rulings made thereon, and substituting therefor other rulings, one or more of which were directly contrary to those previously made. From so much of the order as grants this relief, this appeal is taken.

If proper regard had been shown to the plain and simple provisions of the statute and the general rules of practice, such order would not have been made. It was the duty of the defendant, before the cause was finally submitted to the court, or within such time afterwards and before the decision was rendered as the court allowed, to submit in writing a statement of the facts which he deemed established by the evidence, and of the rulings upon questions of law which he desired the court to make. Code Civ. Proc. § 1023. This was done. It was the duty of the court, at or before the time when the decision was rendered, to note in the margin of the statement the manner in which each proposition had been disposed of, and either file or return to the attorney the statement thus noted. This was done, and the statement filed, and thereafter judgment was entered in accordance with the decision of the court. After that it was beyond the power of the trial court to make any change therein, except to correct "errors or mistakes which may be termed clerical in their nature, or when it is made in order to conform the record to the truth." Bohlen v. M. E. R. Co., 121 N. Y. 546, 24 N. E. 932; McManus v. Western Assurance Co., 40 App. Div. 86, 57 N. Y. Supp. 559. A trial court may not "after the final judgment, by amendment, change a ruling upon the law, or alter the decision upon the merits, for, by so doing, the substantial rights of the adverse party would be really affected." Bohlen v. M. E. R. Co., supra; Smith v. Smith, 121 App. Div. 480, 106 N. Y. Supp. 137.

It is only necessary to refer briefly to the provisions of the statute and the rules relative to appeals from the County Court to this court, and to the hearing thereof, to emphasize the great confusion which would result if such practices were tolerated. Title 3 of chapter 12 of the Code of Civil Procedure relates to such appeals. It is there pro-

vided that the provisions of title 4 of the same chapter, relative to the hearing of appeals taken in the Supreme Court and to the subsequent proceedings thereupon, apply to an appeal taken as provided in title 3. Code Civ. Proc. § 1344. The exception referred to in that section has no application to this case. Title 4 provides that the appeal shall be heard upon a certified copy of the notice of appeal and of the judgment roll and of the case or notice of exceptions, if any, filed as prescribed by law and the general rules of practice. Code Civ. Proc. § 1353. After decision, the order made upon the appeal must be entered in the office of the clerk of this court, and a remittitur transmitted to the clerk of the county where the judgment appealed from was entered, which remittitur shall contain a copy of the judgment order of this court, and the record which has been filed with the clerk thereof. Code Civ. Proc. § 1355; Appellate Division Rules, Second Department, Cumming & Gilbert's Official Court Rules (2d Ed.) 279. We have now a return containing one set of rulings by the county judge. We are asked to hear the appeal upon printed papers containing a different set of such rulings, although the remittitur which goes back to the trial court must consist in part of such original return.

The order appealed from should be reversed, with $10 costs and disbursements to the appellant, with permission to either party, if so advised, to be permitted to withdraw the return heretofore filed in this court, and to move the County Court of Kings county, upon such terms as may be just, to vacate the judgment and decision heretofore made. and to reconsider and rule upon the various requests of the parties hereto to make findings of fact and rulings upon questions of law. All concur.