· JENNIE HERPE, Respondent, *v.* ISIDOR HERPE, Defendant, and THE GERMAN SAVINGS BANK OF BROOKLYN, Appellant.

**Practice — amendments — judgments — costs — clerical errors or omissions in judgments or mistakes in entry thereof may be corrected — court may not by amendment correct errors in substance affecting a judgment — to withhold or award costs is a substantive part of a judgment in equity.**

1. A trial court has no revisory or appellate jurisdiction to correct by amendment error in substance affecting a judgment. · It cannot, by amendment, change a judgment in matter of substance for error

committed on the trial or in the decision, or limit the legal effect of it to meet some supposed equity subsequently called to its attention or subsequently arising. It cannot correct judicial errors either of commission or omission. Those errors are, under our system of procedure, to be corrected either by the vacating of the judgment or by an appeal. This rule is not in conflict with the provisions of sections 723 and 724 of the Code of Civil Procedure. Those provisions are not intended to affect the substantial rights of parties.

2. Clerical errors or a mistake in the entry of the judgment or the omission of a right or relief to which a party is entitled as a matter of course may alone be corrected by the trial court through an amendment. A provision withholding or awarding costs is a substantive part of a judgment in an action in equity and cannot be amended.

*Herpe* v. *Herpe*, 173 App. Div. 967, reversed.

(Submitted December 5, 1918; decided January 14, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 23, 1916, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term so far as appealed from.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Hector McG. Curren* for appellant. In an equitable action the awarding of costs is within the discretion of the trial court and when that discretion is once exercised, that court cannot afterwards amend its decision in that respect. (*Kiernan* v. *Agricultural Ins. Co.*, 3 App. Div. 26; *Barnes* v. *M. R. R. T. Co.*, 44 App. Div. 795; *Beattie* v. *Qua*, 15 Barb. 32; *Sabater* v. *Sabater*, 7 App. Div. 70; *Kennedy* v. *McKone*, 10 App. Div. 97; *N. Y. Ins. Co.* v. *N. W. Co.*, 23 N. Y. 357; *Buckingham* v. *Dickinson*, 54 N. Y. 682; *Dalrymple* v. *Williams*, 63 N. Y. 361; *Gennert* v. *Butterick Pub. Co.*, 133 App. Div. 86; *Foley* v. *Foley*, 15 App. Div. 276.)

*Leo Rosenberg* for respondent. A party seeking a favor of the court must abide by the terms imposed, unless the

judicial discretion be abused or mistakenly exercised. (*Matter of Waverly W. W. Co.*, 85 N. Y. 479; *Flannery* v. *James*, 18 Wkly. Dig. 557; *McCall* v. *McCall*, 54 N. Y. 541; *De Marco* v. *Mass.*, 31 Misc. Rep. 827; *Ridley* v. *M. Ry. Co.*, 72 Hun, 164; *Miller* v. *Sampson*, 84 Misc. Rep. 412.) The court below had the power to amend its judgment by awarding the costs of the action to the plaintiff in lieu of vacating the Municipal Court judgment and thus practically restore the plaintiff to the position originally occupied by her. (*Genet* v. *Del. & H. Can. Co.*, 136 N. Y. 217.)

COLLIN, J. The action, commenced May 20, 1915, was in equity to secure a judgment impressing a trust upon and adjudging the payment to the plaintiff of a sum of money deposited with the German Savings Bank of Brooklyn, the appellant, by Isidor Herpe in the name of I. Herpe in trust for Jennie Herpe, the respondent. Isidor was a defendant in the action and defaulted in appearance and pleading. The bank by an answer raised issues of fact and alleged, as a setoff, the recovery by it on February 5, 1915, of a judgment against the plaintiff in the sum of sixty dollars and twelve cents, as costs, in an action instituted by her against it on July 24, 1914. The plaintiff did not serve a reply. On November 3, 1915, the issues came on for trial, the bank failed to appear and an inquest was taken. Before further action was had the court opened the default of the bank upon condition that it, within three days after the entry of the order, stipulate in writing to offset the amount of its judgment of sixty dollars and twelve cents against the taxable costs in the present action; in case of failure to stipulate the trial to be had on a designated day. The bank did not stipulate and failed to appear at the trial on the designated day. The court thereupon made its decision and adjudged that the deposit was the property of and, with interest,

should be paid to the plaintiff; that Isidor Herpe be barred of any right to it; that the counterclaim of the bank be dismissed and the judgment in favor of the bank against the plaintiff entered in the Municipal Court of the city of New York (the judgment alleged in the answer) be vacated and discharged of record, and that the judgment so directed herein be without costs. Judgment of such provisions and effect was entered December 30, 1915. Upon the motion of the bank, made to the Special Term, to vacate and set aside such judgment in so far as it attempted to dismiss the counterclaim of the bank and to vacate and discharge the judgment of the Municipal Court, opposed by the plaintiff, the court ordered: " the application is granted amending the judgment in so far as it orders the cancellation of the judgment of the Municipal Court. It is also further amended by awarding the full costs of the action to plaintiff." On January 26, 1916, an amending judgment was entered awarding the plaintiff costs of the action. The Appellate Division, upon the appeal of the bank " from that part of the judgment and order which adjudges that the plaintiff Jennie Herpe, do recover of the defendant, the sum of $94.29, the costs as taxed, and that the plaintiff have execution therefor," affirmed the judgment and from the judgment of affirmance the appeal here is taken.

The original judgment, in so far as it, in form, vacated and discharged the judgment of the Municipal Court in favor of the bank and against the plaintiff here, was manifestly erroneous and illegal. The conclusion that the trial court had not the power to so adjudge does not require discussion. It is equally manifest, inasmuch as the action is in equity, that the trial court had the power to adjudge, as it did originally, that costs should not be awarded to either of the parties.

The application of the bank for the vacating or setting

aside of the erroneous and illegal part of the judgment was legal and regular. The Code of Civil Procedure provides: " A party aggrieved may appeal, in a case prescribed in this chapter, except where the judgment or order, of which he complains, was rendered or made upon his default." (Section 1294.) The bank, having defaulted at the trial, adopted the proper remedy.

The court had not the power to amend the judgment by awarding the costs of the action to the plaintiff. The rule has long been settled and inflexibly applied that the trial court has no revisory or appellate jurisdiction to correct by amendment error in substance affecting the judgment. It cannot, by amendment, change the judgment in matter of substance for error committed on the trial or in the decision, or limit the legal effect of it to meet some supposed equity subsequently called to its attention or subsequently arising. It cannot correct judicial errors either of commission or omission. Those errors are, under our system of procedure, to be corrected either by the vacating of the judgment or by an appeal. (*Bohlen* v. *Met. El. Ry. Co.*, 121 N. Y. 546; *Gagnon* v. *United States*, 193 U. S. 451; *Matter of Ungrich*, 201 N. Y. 415, 418; *Heath* v. *New York Building Loan Banking Co.*, 146 N. Y. 260; *Stannard* v. *Hubbell*, 123 N. Y. 520; *Heinitz* v. *Darmstadt*, 140 App. Div. 252.) The rule is not in conflict with the provisions of sections 723 and 724 of the Code of Civil Procedure. Those provisions are not intended to affect the substantial rights of parties. (*Bohlen* v. *Met. El. Ry. Co.*, 121 N. Y. 546; *Heath* v. *New York Building Loan Banking Co.*, 146 N. Y. 260; *Chester* v. *Buffalo Car Mfg. Co.*, 183 N. Y. 425.) Clerical errors or a mistake in the entry of the judgment or the omission of a right or relief to which a party is entitled as a matter of course may alone be corrected by the trial court through an amendment. (*Bohlen* v. *Met. El. Ry. Co.*, 121 N. Y. 546; *Heath* v. *New York*

*Building Loan Banking Co.*, 146 N. Y. 260; *Corn Exchange Bank of Chicago* v. *Blye*, 119 N. Y. 414; *Card* v. *Meincke*, 70 Hun, 382.) A provision withholding or awarding costs is a substantive part of a judgment in an action in equity and cannot be amended. (*Stevens* v. *Veriane*, 2 Lans. 90; *Smith* v. *Smith*, 121 App. Div. 480; *Foley* v. *Foley*, 15 App. Div. 276.)

The record presents no fact which makes inapplicable to the amending judgment in the instant case those rules. They constrain us to reverse the judgment of the Appellate Division and the part of the amending judgment of the Special Term appealed from. It is urged, with reason, that the bank might, with complete safety, have prevented the prolonged litigation by an action of interpleader under the Code of Civil Procedure (Section 820a) or by being throughout less litigious and heedless of the plaintiff's equities. Costs of the appeals should not be awarded it.

The judgment of the Appellate Division and the judgment of January 26, 1915, of the Special Term so far as appealed from should be reversed, without costs

HISCOCK, Ch. J., CHASE, CUDDEBACK, HOGAN, McLAUGHLIN and CRANE, JJ., concur.

Judgment accordingly.