AMERICAN CODE COMPANY, INC., Appellant, *v.* UNITED CODE COMPANY, INC., Defendant, Impleaded with ARTHUR BISHOP and Another, Composing the Firm of ROSE PRINTING COMPANY, Respondents.

First Department, October 31, 1924.

Costs — action for unfair competition — order denying motion to punish defendants for contempt based on violation of injunction did not award costs to defendants — no appeal was taken from order or from ruling of clerk refusing to tax costs for defendants — judgment in action did not award costs to defendants — no appeal was taken from judgment or clerk's refusal to tax costs — court did not thereafter have power to make order permitting defendants to tax, as costs, disbursements incurred in resisting motion to punish them for contempt.

The court did not have power to permit the defendants to tax, as costs, disbursements incurred on a motion to punish them for contempt for the violation of an injunction granted in this action for unfair competition, where the motion for the injunction was denied but no costs were awarded to defendants, and the defendants failed to appeal from that order or from the ruling of the clerk refusing to tax said disbursements as costs, and where the judgment in the action did not award costs to the defendants and no appeal was taken from the judgment or from the clerk's ruling refusing to tax said disbursements as costs in the action.

The defendants' remedy was to appeal from the order denying the motion to punish them for contempt which failed to award them costs.

APPEAL by the plaintiff, American Code Company, Inc., from an order of the Supreme Court, made at the New York Special Term

and entered in the office of the clerk of the county of New York on the 30th day of July, 1924, permitting the respondents to tax as costs the sum of $417.60 against the appellant as disbursements incurred by the respondents in resisting a motion which was decided in their favor, but without costs.

*George H. Gilman,* for the appellant.

*Eugene Newman,* for the respondents.

MERRELL, J.:

The action was brought by the plaintiff against all of the defendants for unfair competition. An injunction *pendente lite* was issued restraining the defendants from commission during the pendency of the action of the acts complained of. Charging that the respondents had violated the temporary injunction, the plaintiff moved to punish them for contempt. The motion coming on at Special Term, the justice presiding thereat sent the matter to a referee to take the testimony and report thereon in order that the court might properly dispose of the application to punish for contempt. Testimony was taken before the referee, the parties stipulating that " the referee's fees, together with the cost of the original minutes of the stenographer, shall be a taxable disbursement." The referee reported back to the Special Term whereupon the court made the following order: " The testimony taken before the referee does not sustain the contention of the moving party. Motion denied." No costs were awarded the respondents upon the denial of plaintiff's motion to punish them for contempt. The respondents then attempted to tax a bill of costs, including items for referee's and stenographer's fees upon the inquiry directed by the court, such disbursements aggregating the sum of $417.60. The clerk refused to tax the costs upon the ground that the order did not award any costs. No appeal was taken from the order nor from the clerk's ruling. The trial of the action in April, 1924, resulted in plaintiff's favor, and costs were taxed in favor of the plaintiff and awarded by the judgment therein. At that time the respondents again attempted to tax a bill of costs including the items for referee's and stenographer's fees in the contempt proceeding, but again the clerk refused to tax such costs or disbursements for the reason that the judgment gave no costs to the defendants. No appeal was taken from such refusal or from the judgment or the clerk's ruling. Thereafter the respondents again applied to the Special Term wherein the same justice who heard the case tried was presiding for an order directing the clerk to tax the sum of $417.60 in favor of defendants Bishop and Jack against the plaintiff. Such application was granted, the order of the court directing that

the clerk tax the disbursements paid by the defendants Bishop and Jack, amounting to $417.60, against the plaintiff American Code Company, Inc., and that said defendants Bishop and Jack have judgment against the plaintiff American Code Company, Inc., for said sum, and that they have execution therefor. It does not appear that any judgment was ever actually entered thereon.

I do not think that the learned Special Term had power or authority to make the order appealed from. No costs were allowed the respondents on denial of plaintiff's motion to punish defendants for contempt, nor was any allowance of costs made to the defendants upon the trial of the issues. If the defendants were dissatisfied they should have appealed from said order or judgment or both. (*Herpe* v. *Herpe,* 225 N. Y. 323.) The order appealed from in effect overruled the discretion of the Special Term which refused to grant costs to the respondents upon denial of plaintiff's application to punish them for contempt. The court in its discretion refused to allow such costs and defendants' only remedy was to appeal from the order which failed to award them costs.

The order appealed from should be reversed, with ten dollars costs and disbursements, and defendants' motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.