HARRY GEIER, Respondent, v. MORRIS KLEINERMAN, INC., and Others, Defendants, Impleaded with LESJAY HOLDING CO., INC., Appellant.— Order confirming report of official referee modified so as to provide that the receiver pay to her attorneys, Weissman & Rapps, the sum of $250 instead of $750, and further modified so as to provide that the receiver shall pay the balance then remaining in her hands to appellant Lesjay Holding Co., Inc. As so modified, the order is unanimously affirmed, with costs of this appeal to said appellant. We are of opinion that the amount as allowed herein to the attorneys for the receiver is adequate compensation for the services rendered by them and that the first mortgagee is not entitled to any of the rents collected from the premises prior to the date of the order extending the receivership. The amount so collected belongs to the owner under the circumstances disclosed upon this appeal. Present — Young, Rich, Hagarty, Seeger and Scudder, JJ.

H. & H. MODEL APARTMENT CO., INC., Appellant, v. PATRICK McGOVERN, INC., Respondent.— Order denying motion for injunction *pendente lite* reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, unless defendant consent to proceed to trial on Wednesday, November 6, 1929; in which event the order is affirmed, without costs, and the case set down for trial on that date. The facts shown by the record indicate that plaintiff is entitled to the injunction asked for but the court is of opinion that, in light of the magnitude of the undertaking in which defendant is involved, all the facts should be presented to a trial court before a determination is made. Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

ROSALIE G. JONES, Individually and as One of the Executors of and Trustees under the Last Will and Testament of MARY E. JONES, Deceased, Appellant, v. LOUISE E. JONES and Others, as Executors of and Trustees under the Last Will and Testament of MARY E. JONES, Deceased, and Others, Respondents. ARTHUR E. JONES, Defendant.— Order extending time of sale affirmed, with ten dollars costs and disbursements, payable out of the estate of Mary E. Jones, deceased, to respondents appearing and filing briefs. No opinion. Kapper, Hagarty and Seeger, JJ., concur; Lazansky, P. J., and Carswell, J., dissent and vote for reversal, with the following memorandum: The judgment of the Special Term, affirmed by this court, directed the sale by the executors and trustees of certain properties under and pursuant to paragraph "Nineteenth" of the last will and testament of Mary E. Jones, deceased. One of the issues tried and determined in the case was, What was a reasonable time within which the mandatory direction for a sale should be exercised? The court decided that the power should be exercised on or before January 1, 1923. Although the judgment provided that any of the parties might apply at the foot of the judgment for other and further relief, the court was not warranted in modifying this judgment as was here done. It had no jurisdiction so to do. (*Herpe* v. *Herpe*, 225 N. Y. 323:) The case is different from one in which, in consequence of the judgment, the court names a time within which the directions thereof should be performed.