JOSEPH LCPARDO, Appellant, v. CHARLES PANZER, Respondent, and MORRIS PANZER, Defendant.— Order and judgment reversed upon the law and the facts and a new trial granted, costs to appellant to abide the event, upon authority of *Lopardo* v. *Panzer* (*post*, p. 709), decided herewith. Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ., concur.

ROSE LOPARDO, Appellant, v. CHARLES PANZER, Respondent, and MORRIS PANZER, Defendant.— Order and judgment reversed upon the law and the facts and a new trial granted, costs to appellant to abide the event. While the trial court was warranted in setting aside the verdict of the jury because of improper remarks on the part of plaintiff's attorney, the facts in the case require a resubmission to a jury. Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ., concur.

MORRIS PERLA, Respondent, v. EMJO CONSTRUCTION Co., INC., and Others, Defendants, and JESSE L. STERN, Appellant. (Action No. 1.) — Amended judgment modified by striking out the provision therein contained which decrees the nature and amount of appellant's liability for any deficiency judgment, and by substituting therefor a provision that plaintiff have a deficiency judgment against defendant Jesse L. Stern only in the event that the money realized from the proceeds of the sale be less than $1,200, and, in that event, such judgment to be the difference between the amount realized thereupon and the said $1,200, with interest on $1,200 from March 5, 1928. As so modified the judgment, in so far as appealed from, is affirmed, with costs to appellant. No opinion. Rich, Young, Hagarty and Scudder, JJ., concur; Lazansky, P. J., dissents, being of opinion that the judgment should provide that defendant Stern be liable for twelve-twenty-sevenths of any deficiency.

THE POUGHKEEPSIE SAVINGS BANK, Respondent, v. GEORGE COHEN and Others, Defendants, and WENER HOLDING Co., INC., Appellant.— Order modifying judgment dated September 7, 1929, reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, upon the ground that the court was without power to make an order amending the judgment so as to affect its substance. (*Herpe* v. *Herpe*, 225 N. Y. 323.) Lazansky, P. J., Young, Hagarty and Carswell, JJ., concur; Scudder, J., dissents, with the following memorandum: There is no basis for the additional allowance made to plaintiff except to the extent of $200 under subdivision 1 of section 1513 of the Civil Practice Act. The correction sought is not a matter of substance. The order should be modified by reducing the allowance to $200.