Sophie Zelvin and Gussie Bass, Respondents, v. Nelson Floyd & Co., Inc., and Others, Appellants.— Motion to extend time to perfect and argue appeal granted, and time extended until twenty days after the entry of a judgment at Special Term upon the report of the referee to compute. Present — Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ.

Victor (Vincent) Zmyrko, Appellant, v. Jacob (Joseph) Straub, Respondent.— Motion to dismiss appeal granted, with ten dollars costs, and appeal dismissed, with ten dollars costs and disbursements. Any property that inheres in the partnership by reason of any breach of trust on the part of defendant may be inquired into and required to be accounted for on the accounting, which should be had either before the court or an official referee. Lazansky, P. J., Carswell and Tompkins, JJ., concur; Hagarty and Scudder, JJ., dissent upon the ground that there is an issue which should be tried by the court before an accounting is had.

George Anderson, Respondent, v. Morris Wieser and Others, Appellants. (Appeal No. 1.) — Order appointing a temporary receiver modified by striking therefrom the following recital: " whereby it satisfactorily appears to this Court that the defendant, Morris Wieser, has in his possession all of the books and records of the partnership of said Morris Wieser and plaintiff, George Anderson, and that there are outstanding accounts receivable. owing to said partnership of Morris Wieser and George Anderson of approximately Five Thousand ($5,000) Dollars, and that the defendants, Benjamin Wieser and Harry Wieser, have in their possession monies of said partnership in the sum of approximately Four Thousand ($4,000) Dollars." As so modified, the order is affirmed, without costs. No opinion. This court strikes from the record the following allegation, contained in plaintiff's moving affidavit: " Your petitioner is further of the opinion that unless the defendants, Benjamin Wieser and Harry Wieser, are immediately restrained by an order of this Court, there is grave danger that they will remove the partnership assets, now in their hands, beyond the jurisdiction of this Court and of the Supreme Court. To the best knowledge of your deponent, the said defendants, Benjamin Wieser and Harry Wieser, are not financially responsible and a money judgment would be unavailable against them." Lazansky, P. J., Rich, Kapper, Carswell and Scudder, JJ., concur.

George Anderson, Respondent, v. Morris Wieser and Others, Appellants. (Appeal No. 2.) — In light of the disposition of the appeal in Anderson v. Wieser, Appeal No. 1 (ante, p. —), decided herewith, the appeal from the order denying motion to resettle order appointing a temporary receiver is dismissed, without costs. Lazansky, P. J., Rich, Kapper, Carswell and Scudder, JJ., concur.

Anglo-Dutch Trading Corporation, Appellant, v. Fillmore Building Corporation and Others, Defendants, and David B. Costuma, Receiver in Bankruptcy of the Fillmore Building Corporation, Respondent.— Order reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The order appealed from, which reduced in a substantial manner the judgment already entered, was without legal authority. (Herpe v. Herpe, 225 N. Y. 323.) If the judgment was erroneous, as now claimed, the error could have been corrected on appeal from the judgment. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.