In the Matter of the Rehabilitation of HOME TITLE INSURANCE COMPANY. In the Matter of a Plan for the Readjustment, Modification or Reorganization of the Rights of All of the Holders of Investments in a Certain Mortgage Covering Premises Known as 1270 East 19th Street, Borough of Brooklyn, County of Kings, City and State of New York, Guaranteed by HOME TITLE INSURANCE COMPANY and Designated as Loan No. 22879 of that Company. FREDERICK L. CRANFORD, Trustee, SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, as Rehabilitator, etc., PROMULGATING CERTIFICATE HOLDERS, ESTATE OF SARAH S. FEE, Certificate Holder, and MORTGAGE COMMISSION OF THE STATE OF NEW YORK, Respondents; DEL RITZ HOLDING COMPANY, INC., Appellant.— Order granting motion of a trustee under a declaration of trust to vacate the extension and modification provisions of a plan of reorganization, approved by an interlocutory and final order, unless the owner of the mortgaged premises pay to the trustee the sum of $908.37, representing an amount deducted by the Mortgage Commission of the State of New York, to be held by the trustee pending allowance of the claim of the Mortgage Commission, reversed on the law and the facts, with ten dollars costs and disbursements, payable out of the estate, and motion denied, without costs. Prior to the making of the interlocutory and final orders approving an amended plan and rendering it operative, a question of fact existed as to whether or not the owner of the mortgaged premises had assumed the obligation of paying any allocatable charge of the Mortgage Commission of the State of New York pursuant to the provisions of section 24 of the Mortgage Commission Act. (Laws of 1935, chap. 19, as amd.) This question, however, was resolved by the interlocutory and final orders, which made separate provisions for the usual disbursements and expenses contemplated under the Schackno Act (Laws of 1933, chap. 745, as amd.), together with counsel fee of the attorney for the promulgating certificate holders, to be borne by the owner, and the expenses, costs and allowances to be payable pursuant to the provisions of the Mortgage Commission Act. The pertinent provision of the latter act contemplates that such charge shall be borne by the trust estate. The Supreme Court is empowered to modify the plan as promulgated, and it did so modify it in other respects. By virtue of the aforesaid provisions it also settled any ambiguity with respect to the payment of the allocatable charge. This final order is a decree which may not thereafter be amended, save upon appeal (*Herpe* v. *Herpe*, 225 N. Y. 323), and, moreover, is inconsistent with the aforesaid pertinent provision of the interlocutory and final orders. Lazansky, P. J., Hagarty, Johnston and Taylor, JJ., concur; Adel, J., dissents and votes to affirm the order. In my opinion the words " all costs, disbursements and expenses in connection with the establishment of the Trust," as contained in the plan approved by the court, include the reorganization charges of the Mortgage Commission.