FRANCIS L. GANLEY, as Committee of the Person and Estate of MARY KOSTUK (GERTRUDE TOMEC), an Incompetent Person, Appellant, v. THE LINCOLN SAVINGS BANK OF BROOKLYN and JOSEPH KOSTUK, Respondents.— Order denying plaintiff's motion to amend and correct the judgment entered herein on December 19, 1938, affirmed, with ten dollars costs and disbursements. (Herpe v. Herpe, 225 N. Y. 323.) Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur. [See, also, ante, p. 509.]

MARY GRIFFIN, Appellant, v. FIRST NATIONAL BANK & TRUST COMPANY OF TUCKAHOE, N. Y., as Executor, etc., of JOHN MONAGHAN, Respondent.— Action to recover compensation for services rendered to defendant's testator during his lifetime, in accordance with an alleged contract providing for payment at the rate of three dollars a day. Order setting aside verdict as contrary to the evidence and against the weight of the evidence and directing a new trial, affirmed, with costs. No opinion. Lazansky, P. J., Johnston and Taylor, JJ., concur; Hagarty, J., with whom Carswell, J., concurs, dissents, votes to reverse and to reinstate the verdict, with the following memorandum: The proof was sufficient to enable the jury to find appellant had performed the services in question during the period for which she claimed. The testimony of the witnesses for appellant established not only that such services were performed but that decedent had admitted he was to pay therefor by will. In particular and with respect to the making of the contract, the testimony of Mrs. Durtsch is that decedent admitted promising to pay at the prescribed rate and further stated that he would have to pay by his will. That an agreement to pay by will was contemplated by both parties is evident from his further statement, according to this witness, that plaintiff " didn't think she would have to wait so long, but she will have to wait a while longer " because of his longevity, and the further testimony of this witness that decedent had stated that he would pay plaintiff a prescribed rate by or in his will. This proof of the making of an agreement to pay by will, together with the other proof adduced, was sufficient. (Frankenberger v. Schneller, 258 N. Y. 270, 273; Leahy v. Campbell, 70 App. Div. 127 [1st Dept.]; Matter of Hughes, 230 id. 776 [4th Dept.]; affd., without opinion, 255 N. Y. 568; Cannon v. Sares, 177 App. Div. 588.) The reasons given by the learned Trial Term justice in his opinion for setting aside the verdict did not relate to the credibility of witnesses but to the sufficiency of their testimony. The opinion is a part of the record on which the order was made. (Rules Civ. Prac. rule 72.)