James S. Brown, J.
In separate actions for brokers’ commissions and conspiracy to prevent the plaintiff’s from earning their commissions, plaintiffs move to consolidate both actions pending in this court. Defendant and third-party plaintiff Greeley Square Building Corporation cross-moves for an order setting aside so much of the judgment as dismissed the third-party complaint on the ground that so much of the judgment as dismissed the plaintiffs’ complaint on the merits was reversed by an order of the Appellate Division (5 A D 2d 1009) and a new trial granted.
*43 Motion to consolidate granted. A consolidation should not be denied merely because there are different questions of law where the other elements are present (Peters v. New York Bd. of Fire Underwriters, 276 App. Div. 846; Samworth v. Frankenhoff, 272 App. Div. 831). Nor will there be any prejudice sustained by the defendants Greeley Square Properties, Inc., and Zacharia, as most of the preliminary steps in the actions, i.e., examinations before trial, etc., have been disposed of. However, the action to recover the brokers’ commissions should be tried first.
With respect to the cross motion it appears that while the original action was dismissed on the merits by the trial court, the third-party complaint was dismissed without prejudice apparently to safeguard the rights of the third-party plaintiff in the event of any possible change in the judgment dismissing the original complaint. The Appellate Division having reversed the lower court and having set the case down for a new trial, the third-party complaint should be reinstated instead of compelling the third-party plaintiff to institute a new action, which would eventually lead to an application for a consolidation. It is undisputed that a dismissal without prejudice is not a judgment on the merits wherein the principle of finality of a judgment should be applied as expressed in Herpe v. Herpe (225 N. Y. 323). The cross motion is accordingly granted on condition that the defendants may amend their answers, if any intervening defense or defenses have come into existence since the dismissal. Such amended answers, however, must be served within 20 days after the service of the order to be entered herein with notice of entry. This disposition makes unnecessary any consideration of the additional affidavits and letters submitted after the motion was argued.
Settle order on notice.