ELAINE GESCHWIND, Respondent-Appellant, v. JOSEPH GESCHWIND, Appellant-Respondent.— In an action by a wife against her husband for a judicial separation and for other relief, the parties cross appeal as follows (a) from a judgment of the Supreme Court, Queens County, entered December 12, 1960 upon the decision of a Special Referee after a trial before him, which denied the separation but directed *inter alia* that the defendant pay to the plaintiff $150 per week for the support and maintenance of their two infant children; and (b) from two orders of said court dated, respectively, February 7, 1961 and April 26, 1961: (1) The plaintiff wife appeals (a) from the whole of said judgment; and (b) from the order of February 7, 1961 which denied her motion to resettle said judgment to conform its decretal provision relating to support to the terms of the court's decision. (2) The defendant husband appeals (a) from so much of the judgment as required him to make such weekly support payments; and (b) from so much of the order of April 26, 1961 as granted plaintiff's motion for a counsel fee to enable her to prosecute her appeal and to oppose his appeal from said judgment; and as denied his cross motion to modify the judgment by reducing the quantum of the support provision therein. Judgment and orders, insofar as appealed from, affirmed, without

costs. It appears that the decision of the Special Referee rendered pursuant to section 440 of the Civil Practice Act, provided for an award to plaintiff of $150 per week for the maintenance and support of the children of the marriage on the following conditions: (a) that the plaintiff wife and the children continue to have exclusive possession of the family home; and (b) that the defendant continue to pay (as he was then paying) all maintenance charges of said house. The decision also provided that, in the event of the defendant's refusal to comply with such conditions, "which is to be indicated on the settlement of the judgment, then the amount of the support and maintenance of the children is fixed at $200 a week." However, the judgment as entered omitted any reference to such conditions or to any alternative award. The court was without power to make a provision in the judgment with respect to the support of the children different in substance from that made in the decision (*Herpe* v. *Herpe*, 225 N. Y. 323). It is our opinion, nevertheless, that under the circumstances disclosed by this record the award of $150 a week for the children's support made in the judgment was sufficient. Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.