■ ANNA K. SCHAPIRA, Respondent, v. ARTHUR S. SCHAPIRA, Appellant.— Order entered on or about September 18, 1969, insofar as it granted plaintiff's motion to broaden the scope of the accounting to permit the plaintiff to examine into "other areas" not specifically listed in the interlocutory judgment of September 10, 1964, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs or disbursements, and the motion denied. The 1964 judgment was entered after four days of trial before the court. The plaintiff did not appeal from the judgment, but, proceeded with the hearing before the Special Referee. Almost five years after the entry of the interlocutory judgment, plaintiff moved in the alternative to amend the judgment based on "new discovered evidence." While holding that the claimed new evidence was cumulative, circumstantial, affected the accounting phase only, and "other items were available to plaintiff at the time of trial," the Special Term nevertheless granted the plaintiff's motion to amend the interlocutory judgment. While the practice in this State relating to the granting of relief from judgments is

extremely permissive, Special Term did not have jurisdiction to effect a change in a matter of substance affecting the 1964 judgment. (*Herpe* v. *Herpe,* 225 N. Y. 323, 327; *Marino* v. *Nolan,* 29 A D 2d 541, affd. 21 N Y 2d 738; *Tait* v. *Lattingtown Harbor Development Co.,* 12 A D 2d 966, app. dsmd. 12 N Y 2d 947; *Riemer* v. *Riemer,* 31 A D 2d 482, 488; *Horan* v. *Town of Brookhaven,* 29 A D 2d 563; *Dependable Printed Circuit Corp.* v. *Mnemotron Corp.,* 22 A D 2d 911; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5015.02, p. 50–175.) Assuming jurisdiction in the Special Term, the circumstances of the case were not such as to warrant the exercise of the court's power to amend the interlocutory judgment. Concur — Stevens, P. J., Markewich, Nunez and Tilzer, JJ.