■ GARY D. DOWNEY et al., Respondents, v NIGRO-KUESTER ASSOCIATES, INC., et al., Appellants.—Appeal from an order of the Supreme Court, New York County, dated April 3, 1975, which denied defendants' motion to reargue that portion of an order entered January 15, 1975 requiring defendant Daniel F. Nigro to hold intact pending determination of this litigation all funds held by him as trustee of designated pension and profit-sharing plans, unanimously dismissed. Respondents shall recover of appellants $40 costs and disbursements of this appeal. The motion by defendants to reargue is not only denominated as such, but is in fact solely one to reargue and the denial of such application is not appealable (CPLR 5701; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5701.23). However, if we reached the merits of the instant appeal, we would affirm. Concur—Markewich, J. P., Murphy, Lupiano, Tilzer and Lynch, JJ.

■ In the Matter of the CITY OF NEW YORK, Appellant, Relative to Acquiring Title to Real Property for TWIN PARKS EAST, in the Borough of the Bronx. MARGARET N. TIERNEY et al., Respondents.—Order, Supreme Court, Bronx County, entered December 19, 1974, granting resettlement of a condemnation award and judgment dated March 24, 1972 and entered April 3, 1972, reversed, on the law, and the motion denied, without costs or disbursements. The cross appeal, not having been perfected, is not before the court, and the motions addressed thereto are denied without prejudice to any motion either side may make as to the cross appeal. Appellant's motion to dismiss this appeal on the ground of delay by the corporation counsel is denied, without costs. A condemnation award for $11,500 regarding the subject property was reduced to judgment and no appeal therefrom was taken. The claimant was refused payment on the ground that there was an unpaid tax lien on the property exceeding the amount of the award. The decree prepared and signed contained the usual recital that the award was subject to the liens of unpaid taxes. Claimant then moved for resettlement stating that the award was intended by the parties to be in full settlement of all claims by either side and the award was to be made to the claimant free and clear of any tax liens. It is unclear whether the claimant received a copy of the decree with notice of entry. Nonetheless, resettlement is not the proper vehicle for amending matters of substance affecting a judgment or decree, even to meet some supposed equity subsequently arising or subsequently called to the attention of the court (Herpe v Herpe, 225 NY 323; cf. Kology v Maplewood Homes, 36 AD2d 538). Accordingly, it was error to grant the resettlement the effect of which was to eliminate a substantial tax lien. Concur—Markewich, J. P., Tilzer, Lane and Yesawich, JJ.; Kupferman, J., dissents and would affirm on opinion of Amsterdam, J.