■ In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property for the Red Hook Peninsula Industrial Development Urban Renewal Area Stage II. LEISER PRESSER, Appellant. — In a condemnation proceeding, the appeal is from so much of an order of the Supreme Court, Kings County (Jordan, J.), dated November 23, 1983, as (1) denied the motion of appellant Leiser Presser to set a trial date

for computing the value of fixtures in damage parcel No. 15 which formerly were owned by a dissolved corporation named Kem Products Corporation, of which appellant was a shareholder, and (2) confirmed the report of a court-appointed referee and amended the second separate and partial final decree in the condemnation proceeding (Ventiera, J.), dated December 20, 1979, to state that a $265,000 condemnation award to Kem Products Corporation included a claim for fixtures in damage parcel No. 15, as well as for fee and fixtures in damage parcels Nos. 3 and 6.

Order affirmed, insofar as appealed from, with costs.

The omission in the second separate and partial final decree in this case, namely that a $265,000 award granted by former Justice Carmine A. Ventiera should have included appellant's claim for fixtures in damage parcel No. 15 in the condemnation proceeding, was a clerical error which could be corrected at any time by the trial court (see, Herpe v Herpe, 225 NY 323, 327; Administrative Code of City of New York § B15-32.0). Appellant's claim that he was entitled to a separate trial on the fixture claim pursuant to a purported settlement before former Justice Ventiera is totally unsupported by the record. To the contrary, the record shows that evidence of appraisals specifically addressed to the fixtures owed by Kem Products Corporation on damage parcel No. 15 was introduced at the trial and was thus included in the $265,000 award granted by former Justice Ventiera. Appellant's other claims of procedural errors and unfairness in the proceedings before Special Term and before former Justice Ventiera, who was appointed as a referee to clarify the prior decision rendered by him while a trial justice, have been examined and are without merit. Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.