# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1492**
**CA 12-00424**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

WADE R. MEENAN, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOSEPHINE M. MEENAN, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

KALIL & EISENHUT, LLC, UTICA (CLIFFORD C. EISENHUT OF COUNSEL), FOR
DEFENDANT-APPELLANT.

PETER J. DIGIORGIO, JR., UTICA, FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------

Appeal from a decision of the Supreme Court, Oneida County (James
R. Griffith, A.J.), dated December 22, 2011.  The decision granted
plaintiff's motion to amend the judgment of divorce.

It is hereby ORDERED that said appeal is unanimously dismissed
without costs.

Memorandum:  In appeal No. 1, defendant wife appeals from a
letter decision granting plaintiff husband's motion to amend the
parties' judgment of divorce to correct an error in the calculation of
child support and maintenance arrears due to the wife.  That appeal
must be dismissed inasmuch as "[n]o appeal lies from a mere decision"
(*Kuhn v Kuhn*, 129 AD2d 967, 967; *see* CPLR 5512 [a]; *Matter of Reynoso
v Dennison*, 10 NY3d 799, 799; *Plastic Surgery Group of Rochester, LLC
v Evangelisti*, 39 AD3d 1265, 1266).

In appeal No. 2, the wife appeals from an amended judgment that
incorporated by reference the terms of the letter decision and
modified the judgment of divorce with respect to maintenance and child
support arrears in accordance with that decision.  We agree with the
wife that Supreme Court erred in granting plaintiff's motion and
applying CPLR 5019 (a) to amend the judgment by changing the amount of
the husband's maintenance and child support arrears.  CPLR 5019 (a)
provides that "[a] judgment or order shall not be stayed, impaired or
affected by any mistake, defect or irregularity in the papers or
procedures in the action not affecting a substantial right of a party.
A trial or an appellate court may require the mistake, defect or
irregularity to be cured."  The court's power to amend orders or
judgments under that statute is limited, however, to correcting orders
or judgments that contain "a mistake, defect, or irregularity not
affecting a substantial right of a party, or [that are] inconsistent
with the decision upon which [they are] based" (*Adams v Fellingham*, 52

AD3d 443, 444; *see Novak v Novak*, 299 AD2d 924, 925; *Gasteiger v Gasteiger*, 288 AD2d 881, 881; *Bolger v Davis*, 127 AD2d 979, 979; *Crain v Crain*, 109 AD2d 1094, 1094).

"The kinds of mistakes contemplated for correction [pursuant to CPLR 5019 (a)] are mere ministerial ones, not those involving new exercises of discretion or a further turn of the fact-finding wheel" (Siegel, NY Prac § 420 at 741 [5th ed 2011]; *see Kiker v Nassau County*, 85 NY2d 879, 881; *Herpe v Herpe*, 225 NY 323, 327).  As the Court of Appeals explains, "[t]he rule has long been settled and inflexibly applied that the trial court has no revisory or appellate jurisdiction to correct by amendment error in substance affecting the judgment.  It cannot, by amendment, change the judgment in matter of substance for error committed on the trial or in the decision, or *limit the legal effect of it to meet some supposed equity subsequently called to its attention or subsequently arising*.  It cannot correct judicial errors either of commission or omission.  Those errors are, under our system of procedure, to be corrected either by the vacating of the judgment or by an appeal" (*Herpe*, 225 NY at 327 [emphasis added]).  Further, "[a] court has no power to reduce or increase the amount of [a] judgment when there is no clerical error" (*Matter of Schlossberg v Schlossberg*, 62 Misc 2d 699, 701; *see Bolger*, 127 AD2d at 979; *Fleming v Sarva*, 15 Misc 3d 892, 895; *see generally Herpe*, 225 NY at 327).

Unlike the cases relied upon by the husband, this case does not involve an inconsistency between the judgment and an underlying decision or stipulation of the parties (*see e.g. Berry v Williams*, 87 AD3d 958, 961; *Zebrowski v Zebrowski*, 28 AD3d 883, 885; *Crain*, 109 AD2d at 1094).  Rather, the husband sought the correction of "[m]istakes of [f]act," i.e., the court's allegedly erroneous calculation of a credit for maintenance and support payments made by the husband during the pendency of the action in accordance with a temporary order, and the court's failure to credit him for the wife's equitable share of premiums he paid for the children's medical insurance.  The court, however, was not empowered to amend the judgment substantively "to meet some supposed equity subsequently called to its attention" (*Herpe*, 225 NY at 327).

Entered:  February 8, 2013                     Frances E. Cafarell
                                               Clerk of the Court